Johanna F. De Grote, Appellant, *v.* Mary Jane De Grote.

*Practice, C. P.—Practice, S. C.—Continuance of case—Refusal of new trial.*

Except in clear cases of abuse of discretion the refusal of the court to continue a cause or to grant a new trial is not assignable for error.

*Beneficial associations—Husband and wife—Beneficiary.*

Albert De Grote became a member of a beneficial association and had the beneficiary's certificate made payable to " Mary Jane De Grote, bearing relationship to myself of wife." At the time he joined the association the choice of members was unlimited as to whom they could name as beneficiary. At the time of De Grote's death an applicant was restricted in choice to one or more members of his family, or some one related to him by blood, or who should be dependent upon him. De Grote had been married to Mary Jane De Grote by a clergyman and had lived with her for several years as her husband, though he had two wives living at the time of his marriage to her. Subsequently he obtained divorces from his former wives, and remarried Mary Jane. *Held,* that Mary Jane was entitled to the beneficial fund even if she were not De Grote's lawful wife.

Argued March 27, 1896. Appeal, No. 54, Jan. T., 1896, by plaintiff, from judgment of C. P. No. 2, Phila. Co., June T., 1893, No. 155, on verdict for defendant. Before Sterrett, C. J., Green, McCollum, Dean and Fell, JJ. Affirmed.

Interpleader to determine the ownership of a beneficial fund. Before Sultzberger, J.

On June 29, 1882, Albert De Grote became a member of the Yardley Lodge of the Ancient Order of United Workmen, and designated as beneficiary " Mary Jane De Grote bearing relationship to myself of wife." De Grote never changed this designation. At the time he became a member, the applicant was unlimited in his choice of beneficiary. At the time of his death the following by-law was in force :

" Each member shall designate the person or persons to whom the beneficiary fund due at his death shall be paid, who shall, in every instance, be one or more members of his family, or some one related to him by blood, or who shall be dependent upon him."

Suit was originally brought by Johanna F. De Grote, mother

and heir of the deceased, against The Grand Lodge of the Juris-
diction of Pennsylvania, Ancient Order of United Workmen.

Mary Jane De Grote notified the company that she was the
wife of the deceased and was entitled to the money, whereupon
the company was permitted to pay the money into court and a
feigned issue was awarded between the two claimants to the
fund.

At the trial there was evidence tending to show that on
December 29, 1868, Albert De Grote was married to Mary Jane
De Grote by a regularly ordained minister of the Methodist
Episcopal Church, that thereafter they lived together as man
and wife until 1891, when Mary Jane discovered that De Grote
had been previously married to two other women who were then
living.  During the year 1891, De Grote obtained divorces from
his prior wives, and on April 4, 1892, De Grote and Mary Jane
were again married by a regularly ordained clergyman in Cam-
den, New Jersey, and thereafter continued to live together as
man and wife until the death of De Grote in March, 1893.
Plaintiff asked for the continuance of the case on account of
the illness of her counsel, Edward Brady, Esq.  The record
showed that C. Davis was also counsel for her.  The court re-
fused to grant a continuance and subsequently directed a verdict
for defendant.  Judgment was entered on the verdict.

The plaintiff moved for a new trial on the ground of after-
discovered evidence.  The court refused to grant a new trial.

*Errors assigned* were, (1) refusal to grant a continuance;
(2) refusal to grant a new trial; (3) binding instructions for
defendant.

*Charles Davis, Edward Brady* with him, for appellant.

*Alfred Frank Custis, William C. Shipman* with him, for ap-
pellee.

PER CURIAM, April 6, 1896:

According to the record, as amended prior to the trial, this
was a feigned issue betweer Johanna Frederika De Grote, as
plaintiff, and Mary Jane De Grote, as defendant, to determine
which of the parties was entitled to the money paid into court
by " the Grand Lodge of the Jurisdiction of Pennsylvania

Ancient Order of United Workmen," the original defendant in the suit. The issue came on for trial, and the learned judge who presided thereat directed the jury to find for the defendant. The subjects of complaint are, (1) refusal of the court to continue the case on application of the plaintiff; (2) refusal " to grant the plaintiff a new trial," and (3) that the court erred in directing the jury to find for the defendant. This last specification was filed at bar, by leave of court.

We have considered the record with special reference to each of these specifications of error, and are all of opinion that neither of them should be sustained. Except in clear cases of abuse of discretion, refusal of the court to continue a cause or to grant a new trial is not assignable for error ; and there is nothing in this case to make either an exception to the general rule. The first and second specifications are therefore dismissed. As to the binding instruction complained of in the third specification, we think the learned trial judge committed no error. There is nothing in either of the specifications that requires discussion.

Judgment affirmed.