# United Security Life Ins. Co., Appellant, *v.* Perugini Union Mutual Relief Association.

*Judgment—Opening judgment—Wagering contract—Life insurance.*

1. A judgment entered on a bond accompanying a mortgage will be opened, where defendant's contention that the bond and mortgage, together with an agreement entered into, between the parties,

constituted an illegal wagering contract, is supported by ample evidence taken on depositions, and sufficient to justify the submission of such a controversy to a jury.

Argued February 24, 1920.  Appeal, No. 196, Jan. T., 1920, by plaintiff, from order of C. P. Lackawanna Co., Oct. T., 1919, No. 937, making absolute rule to open judgment in case of United Security Life Insurance Co. v. Perugini Union Mut. Relief Association.  Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER; WALLING, SIMPSON and KEPHART, JJ.  Affirmed.

Rule to open judgment.  Before EDWARDS, P. J.

From the record it appears that the judgment was entered upon a bond accompanying a mortgage.  The bond and mortgage with an accompanying agreement, constitute what is known as an endowment insurance policy, the character and legality of which was passed upon in Ritchey's App., 187 Pa. 173.

The petition for the rule alleged that the bond and mortgage had been given to secure the payment by defendant of certain monthly sums of money for a period of ten years, provided one Adolfo Rossi live so long, otherwise only so long as he lived and no longer, which monthly sums were premiums payable upon a life insurance policy issued by the plaintiff upon the life of the said Rossi, in whose life defendant had no insurable interest.  Wherefore, the bond and warrant of attorney were alleged to constitute a wagering contract, and therefore void.

Plaintiff, in its answer, denied that defendant had no insurable interest in the life of Rossi, but alleged, on the contrary, that Rossi had applied for insurance, had designated the defendant as his beneficiary, and that the sum of $2,500, the face value of the policy, had been paid to and used by defendant, and was the consideration for the bond, warrant of attorney and mortgage given by defendant to plaintiff.

The court granted the rule, and depositions were taken by both parties in support of their respective contentions.

The rule was made absolute for the reasons stated in the opinion of the Supreme Court. Plaintiff appealed.

*Error assigned,* among others, was the order making absolute the rule to open judgment.

*Henry La Barre Jayne* and *A. A. Vosburg,* with them *C. S. Woodruff,* for appellant.

*John Memolo,* with him *Saverio Rosato,* for appellee.

PER CURIAM, April 12, 1920:

The contention of the defendant in the court below was that the bond on which judgment had been entered against it, and the accompanying mortgage, together with the agreement entered into between the parties, constituted a wagering contract. The judgment was opened because in the opinion of the court the legality of the contract depended upon an important question of fact, as to which depositions had been taken on both sides, those taken by the defendant being amply sufficient to justify the submission of the controversy to a jury. We have not been convinced that this was error, and the appeal is accordingly dismissed.

Appeal dismissed.