# United Security Life Insurance & Trust Co. *v.* Perugini Union Mutual Relief Assn., Appellant (No. 1).

*Insurance—Life insurance—Insurable interest—Beneficial association—Insurable interest in members' lives—Misrepresentations—Estoppel.*

1. Where a beneficial association, desiring to take out insurance on the lives of its members, falsely represents to an insurance company that a particular person was one of its members, and procures a policy on the life of such person on such representation, it is thereafter estopped from asserting that the insured was not a member.

2. A beneficial association incorporated under the laws of Pennsylvania as a corporation of the first class "for beneficial and protective purposes to its members from funds collectable" from its members, has an apparent insurable interest in the lives of its members, on which an insurance company may rely in issuing a policy for the benefit of the association on the life of a person represented to be one of its members.

3. In such case the insurance company will not be held to have intended to become a party to an agreement condemned by law.

Argued February 21, 1922. Appeal, No. 325, Jan. T., 1922, by defendant, from judgment of C. P. Lackawanna Co., Oct. T., 1921, No. 937, for plaintiff on case tried by court without jury, in suit of United Security Life Ins. & Trust Co. v. Perugini Union Mutual Relief Assn. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Case tried by court without jury to determine validity of judgment. Before MAXEY, J.

The opinion of the Supreme Court states the facts.

Judgment for plaintiff for $2,291. Defendant appealed.

*Error assigned,* inter alia, was refusal of defendant's motion for judgment n. o. v., quoting record.

*John Memolo,* with him *Saverio Rosato,* for appellant. —This was a wagering contract: Taussig v. Trust Co., 231 Pa. 16; U. S. L. Ins. & Trust Co. v. Brown (No. 1), 270 Pa. 264; U. S. L. Ins. & Trust Co. v. Brown (No. 2), 270 Pa. 270.

A corporation has no implied insurable interest in the life of its members or stockholders.

*Howard H. Yocum,* with him *A. A. Vosburg,* for appellee, cited: Corson's App., 113 Pa. 438; L. I. & T. Co. v. Brown, 270 Pa. 270; Ct. Mut. L. Ins. Co. v. Schaefer, 94 U. S. 457; Hill v. Epley, 31 Pa. 331.

OPINION BY MR. JUSTICE SADLER, April 17, 1922:

Defendant is a Pennsylvania corporation of the first class, formed, under the Act of 1874, and its supplements, "for beneficial and protective purposes to its members from funds collected therein in accordance with the by-laws of the association." It receives from those joining a fixed entrance fee, as well as dues, at stated times, and owns and maintains a clubhouse building in the City of Scranton. Desiring to obtain money, it arranged for an advance through the plaintiff company. The latter agreed to issue an endowment policy of insurance upon the life of members, turning over the principal in advance, in consideration of the execution of an agreement to pay certain sums covering the cost of the insurance and other charges, to be secured by mortgage upon the association's property. The legality of such a transaction has been heretofore considered by this court, and its validity upheld, where an insurable interest in the life

of the party named in the policy appeared: United Sec. L. I. & T. Co. v. Ritchey, 187 Pa. 173.

The first applications submitted to plaintiff were signed by members who were engaged in mining. By reason of the hazard of their occupation, the issuance of policies was refused; whereupon, the president introduced to the agent two others, as belonging to the organization, who were not so employed. On the strength of this representation, made known to the company,—as the court below has found,—an application from one Rossi was accepted, and the formal agreement of insurance, as well as the bond and mortgage, was executed, and the money provided for advanced. Later, default occurred in the payments stipulated, and judgment was entered upon the bond for the balance remaining due. Upon petition, this was opened, and the court below was sustained in its action on appeal, questions of fact as to the existence of an insurable interest in the life of Rossi having been raised, which required determination: United Sec. L. I. & T. Co. v. Perugini Union M. R. Assn., 267 Pa. 152. The matter was subsequently heard by the court without a jury, findings of fact and law were made, and judgment entered for the plaintiff. From the decision so rendered this appeal is taken.

The particular insurance agreement, with which we are now concerned, was based on the life of Rossi, a brother-in-law of the president of the defendant organization. He was declared to be a member, and, on the strength of this information, the plaintiff acted. In fact, he had not joined, and it is now insisted the arrangement made constituted a wagering contract, and is therefore without legal force or effect. If the association had an insurable interest in the life of any of its members, the contention now made cannot be sustained. It will not be permitted to set up its own fraudulent representation, upon which another depended to its detriment, in order to defeat a recovery. An estoppel arises which prevents its taking advantage of its own wrong. What was said in

United Sec. L. I. & T. Co. v. Brown (No. 3), 270 Pa. 273, on this question,—where the insured was incorrectly stated to be a son,—has equal application under the facts here presented, and a repetition of the thoughts there expressed, and the authorities cited, is unnecessary.

One distinction is to be noted, since in the case referred to the papers indicated upon their face the existence of an insurable interest, whereas here, Rossi was merely designated as a janitor. In this aspect, the present application is like that found in United Sec. L. I. & T. Co. v. Brown (No. 2), 270 Pa. 270, where the insured was called "manager of a storage warehouse." We there said that, in the absence of proof of some apparent pecuniary interest in the continuance of the life of the one named, no right to so insure existed; therefore, no recovery could be had unless the defendant was estopped from taking advantage of the true state of facts. United Sec. L. I. & T. Co. v. Brown (No. 3), supra. In the present proceeding, evidence was offered to show the association had, or represented it had, a financial concern in its membership, of which Rossi was declared to be a part.

Considering the insured, therefore, to be as claimed by defendant,—and it cannot now set up the contrary,—was such a relation made to appear as would indicate the beneficiary had a real interest in conserving the life of Rossi? Was there any reasonable expectation of pecuniary benefit or advantage from the continuance of his existence? 14 R. C. L. 919. "It is enough that in the ordinary course of events financial loss or disadvantage will naturally and probably result from the death of the one whose life is insured to the person obtaining the policy": 20 Cyc. 706. The legislature has recently stated the rule thus (Insurance Code, May 17, 1921, section 412, P. L. 682) : "The term insurable interest is defined as meaning, in the case of persons related by blood or law, an interest engendered by love and affection, and, in the case of other persons, a lawful economic interest in having the life of the insured continue, as distin-

guished from an interest which would arise only by the death of the insured." And this is merely expressing more broadly what has in effect been declared by the Pennsylvania cases: United Sec. L. I. & T. Co. v. Brown (No. 2), supra.

Mere membership in a corporation of the first class does not necessarily create such an interest as would justify the issuance of a policy for its benefit, payable upon his death, as organizations of this character are usually maintained by voluntary contributions, and ordinarily would have no real concern in the continuance of his existence. It is not necessary, however, to decide here whether, in fact, the present defendant association has an actual insurable interest in the life of its members, though it is to be noted that fixed and definite fees are made payable, the funds to be used for beneficial and protective purposes, and for which the individuals are obligated. In this case, representation was impliedly made that its purpose was lawful. Under the acts of assembly authorizing its incorporation, it obviously was concerned in protecting the health, as well as the lives, of those associated, and intended to accumulate funds for their relief in case of misfortune: Com. v. Equitable Beneficial Association, 137 Pa. 412; Blair v. Supreme Council A. L. of H., 208 Pa. 262. Presumptively, it was to its pecuniary interest that its members be kept alive, for, in such case, it received not only financial assistance by the payment of dues, but was relieved from the assumption of immediate monetary burdens which would ensue in case of death. Clearly plaintiff, in determining the legality of the proposed contract, could rely on the apparent relation of the parties, and will not be held to have intended to become a party to an agreement condemned by law. It relied upon the facts as they appeared, and an error as to these, if such exists, should not now debar plaintiff from enforcing the obligation, entered into in good faith, and as a result thereof.

We are convinced that the plaintiff was justified in relying upon the statements made as to the membership of Rossi in the corporation, whose recorded charter showed its purpose to be the aid of the associates from funds collected from each, and in the continuance of whose lives the defendant was seemingly interested. Under the circumstances here disclosed, the learned court below properly refused to permit a repudiation of the obligation duly given for the moneys advanced.

The assignments of error are overruled, and the judgment is affirmed.