Industrial Life Insurance Company, Appellant,
*v.* Hunt.

Argued May 24, 1939. Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Ralph S. Croskey,* for appellant.

*Orville Brown,* Deputy Attorney General, with him *Claude T. Reno,* Attorney General, and *William H. Wood,* for appellee.

OPINION BY MR. JUSTICE STERN, June 19, 1939:

The Act of May 17, 1921, P. L. 682, section 409, provides that no policy of life or endowment insurance shall be issued by any stock or mutual life insurance company if in the opinion of the Insurance Commissioner the form of the policy does not comply with the requirements of the law. The Commissioner disapproved the issuance by Industrial Life Insurance Company of a twenty-year, limited policy of endowment insurance. On appeal to the Common Pleas of Dauphin County the court affirmed his action, and the case is now before us for review on certiorari.

Appellant was incorporated in 1907 under the Act of April 28, 1903, P. L. 329. In its charter the object of the company was stated to be the making of "insurance . . . against death resulting from natural or accidental causes to an amount not exceeding Two Hundred and Fifty Dollars." Section 1 of the Act of 1903 provided for the formation of corporations "for the purpose of making insurance, either upon the stock or mutual principle, . . . against death, resulting from natural or accidental causes: Provided, that such corporations shall not issue policies agreeing to pay . . . more than two hundred and fifty dollars in event of

death." Section 2 provided that such corporations "shall be authorized to transact the business of insurance in the same manner and upon the same conditions as insurance companies are by law authorized to do, in so far as such laws are not inconsistent with the provisions of this act." Section 3 provided that the capital stock of a joint-stock company, organized under the act, should be not less than twenty-five thousand dollars.

Under this act and the charter granted in pursuance of its provisions, has appellant the right to issue policies of endowment insurance even though they be limited in amount to $250?

An endowment provision is not, strictly speaking, life insurance, although it is not uncommonly embodied in life insurance policies as an additional feature of the contract. Life insurance is an agreement to pay, to a person indicated, a certain sum upon the death of the insured; the endowment provision adds thereto a contract to pay to the insured himself a specified sum provided he lives to a certain age. Life insurance is for protection against the adversity of death; endowment is based upon the contingency of survival, and is essentially a form of investment. An endowment contract, therefore, is quite different, in purpose and in operation, from life insurance, and, since insurance companies, like other corporations, are restricted to the powers given them, expressly or impliedly, by their charters and the statutes under which they are incorporated, an insurance company which is authorized merely to insure against death cannot write endowment insurance.

It is significant that there is a difference between the phraseology of the Act of 1903 which provided for the incorporation of limited life insurance companies, and the various acts which from time to time provided for the incorporation of life insurance companies generally. All of the latter contain clauses indicating an intention to include endowment insurance. Thus the Act of April 2, 1856, P. L. 211, section 7, gave to such com-

panies the authority "to make all and every insurance appertaining to life risks of whatever kind or nature, and . . . to make endowments, . . ." The Act of May 1, 1876, P. L. 53, section 1, provided that an insurance company incorporated thereunder might "make insurance, either upon the stock or mutual principle, upon the lives of individuals, and every insurance *appertaining thereto or connected therewith, . . .*" The Act of June 1, 1911, P. L. 581, section 1, (which repealed the Act of 1903), provided that persons might incorporate "to insure the lives of persons, and every insurance *appertaining thereto.*" The Act of May 17, 1921, P. L. 682, section 202, likewise stated that "stock or mutual life insurance companies may be incorporated . . . to insure the lives of persons, and every insurance *appertaining thereto.*" An endowment provision may properly be considered as "appertaining" to life insurance and thus to be embraced within the terms of these statutes, while the omission of any such phrase in the Act of 1903 and the limitation in that act of the purpose of companies incorporated thereunder to "making insurance . . . against death," indicates that it was the intention of the legislature to deny to such limited companies the right to issue endowment insurance.

By the Act of April 26, 1929, P. L. 789, section 1, there was added to the Act of 1921 section 419, providing that stock companies organized under the Act of 1903, having a paid-up capital of not less than $300,000, and a paid-in surplus at least equal to fifty per centum of the subscribed capital, (which were the requirements for insurance companies incorporated under the Act of 1921), might issue policies insuring the lives of persons, and every insurance *appertaining thereto,* and enjoy the other powers specified in the Act of 1921. This shows that it was the understanding of the legislature that companies incorporated under the Act of 1903 did not possess the broader powers contained in the Act of 1921. The Act of 1929 permits appellant, if it so desires, to

obtain these additional powers, including that of writing endowment insurance, by providing itself with capital and surplus to the same extent as insurance companies generally are obliged to do.

Appellant contends that it became entitled to the rights given to companies by the Act of 1921 because that act, by section 103, was made applicable "to all domestic insurance companies incorporated under general or special laws since the thirteenth day of October, 1857." This argument overlooks the fact that, by the same section, such companies may transact any of the classes of insurance authorized by the act only if they have the required capital and reserve.

Appellant's final contention is that the Act of May 21, 1937, P. L. 769, added to the Act of 1921 certain provisions in regard to industrial endowment insurance. Apart from what has been said, however, as to appellant's status under the Act of 1921, the Act of 1937 did not extend the powers of insurance companies in regard to the issuance of endowment policies, but merely prescribed the terms and conditions on which such policies might be issued by companies authorized to write them under existing laws.

The decree of the court below is affirmed; costs to be paid by appellant.