## GENERAL AMERICAN LIFE INS. CO. v. SUTCH et al.

### No. 458.

District Court, W. D. Pennsylvania.

Dec. 15, 1939.

Reed, Smith, Shaw & McClay and P. K. Motheral, all of Pittsburgh, Pa., for plaintiff.

Maurice Louik, of Pittsburgh, Pa., for Anna Sutch.

John S. Cort, of Pittsburgh, Pa., and Somerville & Somerville, of Point Pleasant, W. Va., for W. H. Foglesong.

Alexander P. Gates, of Charleston, W. Va., for Doris M. Staats.

GIBSON, District Judge.

The General American Life Insurance Company is a corporation of the State of Missouri, having its principal place of business in St. Louis, Missouri, and is engaged in the business of insuring lives, and is registered and qualified to do business in the Commonwealth of Pennsylvania and in other states of the United States.

The defendant Anna Sutch is a citizen of the Commonwealth of Pennsylvania, and resides in Pittsburgh, Pennsylvania. The defendant W. H. Fogle-

song is a citizen of the State of West Virginia and resides in Mason City, West Virginia. The defendant Doris M. Staats is a citizen of the State of West Virginia and resides in Charleston, West Virginia.

On or about December 2, 1937, the plaintiff issued to Delmer Hubert Staats certificate No. 81491 under group life insurance policy No. IN–204164 issued to the Federal-Postal Employees Association of Denver, Colorado, whereby plaintiff agreed to pay the sum of $1,000 upon the death of Delmer Hubert Staats while the certificate issued to him was in force, which sum was payable to Anna Sutch, one of the defendants herein, as the named beneficiary.

Said Delmer Hubert Staats died on December 9, 1938, while said certificate of insurance was in force, and due proof of his death having been furnished to the plaintiff, plaintiff became liable under said certificate of insurance in the sum of $1,000.

Since the death of said Delmer Hubert Staats the defendant Anna Sutch has made claim for the proceeds of said certificate as the named beneficiary, the defendant W. H. Foglesong has made a claim for $268 of the proceeds of said certificate as assignee thereof, and the defendant Doris M. Staats has made claim for the proceeds of said certificate as the widow of Delmer Hubert Staats.

The claims made by said defendant Anna Sutch, by said defendant W. H. Foglesong, and by said defendant Doris M. Staats are adverse, and are made in good faith.

The General American Life Insurance Company has paid into the registry of this court the sum of $1,000, the amount of the face obligation of said insurance policy, but not interest due thereon from February 1, 1939 to August 4, 1939, in amount of $30.83, proof of death having been made on February 1, 1939, and the money paid into court on August 11, 1939.

Anna Sutch, beneficiary named in said policy, was not the cousin of Delmer Hubert Staats, the insured.

The amount of $268 is due W. H. Foglesong for the burial of Delmer Hubert Staats, and to secure the amount of the expenses of said burial the insurance policy in suit was delivered to him by Anna Sutch to secure him for such expenses.

Doris M. Staats was the wife of Delmer Hubert Staats at the time of his death.

The General American Life Insurance Company filed its bill of interpleader in accordance to the provisions of law, and said bill should not be dismissed.

Doris M. Staats has no lawful claim upon the proceeds of the policy in suit.

W. H. Foglesong has an equitable lien upon the fund in court to the amount of $268, and should receive that amount.

Anna Sutch, as beneficiary named in the policy, has the right to receive the proceeds thereof, less a reasonable attorney's fee and the court costs.

Counsel for the complainant is entitled to a fee of $100, less the sum of $30.83, interest due from complainant not paid into the registry of this court.

■ Both the other claimants admit in their answers that W. H. Foglesong is entitled to receive $268, but differ somewhat as to how it shall be paid him. The fund being in court, and Mr. Foglesong being the present holder of the policy, and as such the equitable owner, is entitled to the direct payment of the amount due him.

■ The answer of Doris M. Staats sets forth a groundless claim. She asserted that she was the widow of the insured, with children, and that Anna Sutch was not a cousin of the insured, as stated in the policy, but had had meretricious relations with him and had posed as his wife. Just such a case was presented to the court in Equitable Life Insurance Company of Iowa v. Cummings et al., 3 Cir., 4 F.2d 794, where it was held that the insured has the right to make a policy of insurance upon his life payable to whom he desires; and also, that evidence of illicit relations between insured and the beneficiary was properly excluded.

■ After subtraction of the amount of the claim of W. H. Foglesong, the fund will be awarded to Anna Sutch, less a proper fee to counsel for the Insurance Company and the court costs. One hundred dollars has been fixed as a proper fee. This amount, however, is to be reduced, by counsel's own suggestion, by $30.83, the amount of interest due and not paid into court with the face amount of the policy.