Stewart, Admrx., Appellant, v. Shenandoah Life
Insurance Company, Inc.

Argued October 23, 1940.

Before KELLER,
P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER,
RHODES and HIRT, JJ.

*James H. McHale,* for appellant.

*Franklin G. Banks,* for appellee.

OPINION BY CUNNINGHAM, J., May 7, 1941:

The controversy in this case is whether the proceeds of a policy of life insurance, in the sum of $1,000, upon the life of Frederick A. Organ, are payable to Agnes Stewart, as administratrix of his estate, or to one Anna Ellen Organ, sometimes called Anna Ellen Merriman, described in the contract of insurance as the "wife" of the insured and designated as his beneficiary.

On January 1, 1930, the Shenandoah Life Insurance Company of Roanoke, Virginia, issued its group policy, No. 55-G, upon the members of Philadelphia Navy Yard Group Life Insurance Association of Philadelphia, and issued a certificate, No. 4882, in the sum of $1,000, to Frederick A. Organ, a member of the association.

The insured died on June 9, 1938, while the policy was in full force, and proofs of death were duly submitted to the insurance company on June 17, 1938, by the president and secretary of the association, in which it is stated: "The beneficiary is Anna Ellen Organ and resides at 603 N. 13th Street, Phila., Pa."

Before any payment had been made a suit was entered against the company in the Municipal Court of

Philadelphia County by Agnes Stewart, as administratrix of the estate of the insured, against the insurer, claiming the face amount of the certificate, with interest, from the date of his death.

On October 27, 1938, the insurance company presented its petition to the municipal court reciting the institution of that suit, admitting the issuing of the policy, the death of the insured and the receipt of the "customary proof of claim" and averring that Anna Ellen Organ, or Anna Ellen Merriman, the named beneficiary, was about to sue it for the proceeds of the same certificate. The company stated it had no interest in the fund and therefore prayed that it be permitted to pay the money into court and that the rival claimants be directed to interplead.

On November 18, 1938, the rule to show cause why the prayer of the petition should not be granted was made absolute by agreement and the insurer paid the proceeds of the policy into court. On February 6, 1939, Anna Ellen Organ ruled Agnes Stewart, Adm'x., to file her statement of claim in the interpleader proceeding. A material paragraph of the statement filed February 17, 1939, reads:

"7. That the said Frederick A. Organ, deceased, was a widower, and left no wife surviving him, but to the contrary left only surviving him a son, James J. Organ, 14 years of age, and no other next of kin."

The seventh paragraph of the affidavit of defense filed by Anna Ellen Organ, as the defendant in the interpleader, denied that averment in the following language: "7. Denied. It is denied that the said Frederick A. Organ, deceased, was a widower. On the contrary the defendant avers that she is now the surviving wife of the said Frederick A. Organ, deceased, and was, at the time of the deceased's death, mentioned and designated as the beneficiary and also designated as the wife of the said Frederick A. Organ in the said policy of insurance."

The case came for trial before Jones, J., sitting without a jury, on October 31, 1939. Agnes Stewart then testified she was married to Frederick A. Organ on February 23, 1924, and obtained a divorce from him in October, 1933; that a son, James Joseph Organ, was born to them and was at the time of the trial about 15 years of age; and that she married Kendall Stewart, her present husband, in November, 1934.

One Edward James Merriman was called by plaintiff and identified Anna Ellen Organ, then present in court, as the person he had married on October 25, 1916, and stated her maiden name was Anna Dowling. His further testimony was that they had separated when he enlisted in the army in 1918; that they never resumed their marital relations, but had never been divorced.

With this prima facie case the plaintiff rested and Anna Ellen Organ took the witness stand. She testified she met Frederick A. Organ in 1935, subsequent to his divorce from Agnes (Organ) Stewart, and lived with him at various addresses in Philadelphia up to his fatal illness, at which time they were living at the above address, 603 N. 13th Street. There was ample testimony by the insured's father, the attending physician, and two of their friends, that the decedent and Anna Ellen Organ lived together as husband and wife; that he repeatedly introduced her as his wife; and that she was known in the community as Mrs. Organ. On cross-examination, she admitted her marriage to Edward James Merriman in 1916 and admitted she had never been divorced from him.

The affidavit of defense, which contained the above quoted averment to the effect that she is "the surviving wife of the said Frederick A. Organ, deceased," was called to her attention and the notes of testimony show the following: "By Mr. McHale: (counsel for Agnes Stewart, Adm'x.) Q. Now, I show you the original affidavit of defense, by Anna Ellen Organ, the claimant in the interpleader proceedings, and defendant herein,

and ask you if that is your signature showing here? A. Yes, that is my signature. Q. That is your signature. And you appeared before a notary public and swore to that? A. Did I appear to that? No. Q. You never appeared before a notary? A. No. Q. And you never swore to it? A. Not that I ever knowed of." The affidavit bore a jurat purporting to show that it had been sworn to and subscribed before Herman Batoff, a notary public, on February 2, 1939. The notary was not called at that time.

When defendant rested, counsel for plaintiff moved that the affidavit of defense be stricken from the record and all defense testimony stricken out "because, as the claimant herself testified, she did not swear to that paper." After a discussion by counsel with the trial judge the motion was denied and Mr. Banks (counsel for Anna Ellen Organ), was asked what he proposed to do, to which he replied, "I leave the case and the record stand as it is." The trial judge then said "I will take that under advisement and reserve decision."

On behalf of the defendant in the interpleader points were submitted asking findings to the effect that "Anna Ellen Organ, also known as Anna Ellen Merriman, is the person intended and so designated by the deceased, Frederick A. Organ, as the beneficiary in the policy of insurance in issue," and that under all the evidence and pleadings the findings should be for the claimant, Anna Ellen Organ.

The next step was the granting of a rule on February 8, 1940, at the instance of counsel for Anna Ellen Organ, upon Agnes Stewart, Adm'x., to show cause why the case should not be reopened "for the purpose of allowing the presentment of evidence as to the execution by the defendant in interpleader of the affidavit of defense."

After argument, the rule was made absolute on February 28, and the trial was resumed on March 28, 1940. Over the objection of counsel for the plaintiff in the

interpleader, Herman Batoff, the notary above mentioned, testified that Anna Ellen Organ appeared before him, subscribed, and was duly sworn to her affidavit of defense. She then took the stand and testified she had signed and sworn to the affidavit before the notary and in the presence of her counsel, but offered no explanation of her previous testimony. The docket entries relative to the conclusion of the litigation in the court below read: "May 1, 1940. Court finds for Claimant, Anna Ellen Organ. May 6, 1940, Plaintiff's motion and reasons for new trial filed. May 14, 1940, Plaintiff's motion and reasons for new trial dismissed for want of prosecution. May 15, 1940, Jud't. on findings for Anna Ellen Organ, Claimant." Returned as a part of the record is the praecipe for the entry of judgment, signed by claimant's counsel.

The present appeal was duly taken by Agnes Stewart, Adm'x, from that judgment. The assignments of error challenge the action of the trial judge in permitting the case to be reopened for the purpose of taking additional testimony and particularly in permitting Anna Ellen Organ to testify she had signed and sworn to the affidavit of defense before a notary, and in refusing a new trial. The burden of the argument in behalf of appellant is that the trial judge improperly permitted the defendant in the interpleader to contradict in her subsequent testimony the statement she had made on the stand during the first hearing to the effect that she had not sworn to the truth of her affidavit of defense before a notary.

In view of her rather indefinite statement at the first hearing, it is not entirely clear that her later testimony was a flat contradiction of her previous statement. Her final answer at the first hearing to the question, "And you never swore to it?" was, "Not that I ever knowed of." The reopening of the case would seem to have been a matter within the discretion of the trial judge, and, in any event, the effect of her inconsistent state-

ments would be for his consideration in passing upon the question of her credibility.

Anna Ellen Organ, having admitted on the stand that, as Anna Dowling, she had entered into a ceremonial marriage with Edward James Merriman on October 25, 1916, and that they had never been divorced, was incompetent to enter into any contract of marriage—common law or ceremonial—with Frederick A. Organ, the insured. The evidence introduced in her behalf relative to cohabitation and reputation furnished no support to her claim she was his wife. Even full proof of the making of a common law contract of marriage with him would not help her. She was nothing more than his paramour.

The only substantial question involved upon this appeal is whether the insured, having distinctly named Anna Ellen Organ as his beneficiary, rendered her designation null and void by incorrectly describing her as his "wife."

By agreement of counsel, and as a part of appellee's brief, we have been furnished with a copy of the master policy.

The applicable provision thereof reads: "The company hereby agrees, on receipt of due proof of death of any member of The Philadelphia Navy Yard Group Life Insurance Association, Philadelphia, Pennsylvania, . . . . . . to pay an amount to be determined in accordance with the Insurance Schedule attached to and forming a part of this policy, provided such death occurs while the member is covered under the terms of this policy. Said sum shall be paid to such Beneficiary as is named in the Schedule of Members, attached hereto, if surviving the insured; otherwise to the Executors or Administrators of the insured."

Concededly, the insurance contract, under which the certificate was issued, contains no limitations or restrictions of any kind upon the right of a member of the

group to "name" any person he may see fit to designate as his "beneficiary."

"It is elementary that everyone has an unlimited insurable interest in his own life, and that he may take out a policy of insurance on his own life and make it payable to whom he will and that it is not necessary that the person for whom it is taken should have an insurable interest: 1 Cooley, Briefs on the Laws of Insurance, 252": *Haberfeld v. Mayer,* 256 Pa. 151, 100 A. 587.

Judgment affirmed.