Hendricks, Admrx., Appellant, *v.* Prudential Insurance Company of America.

Argued April 30, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Ralph C. Davis* with him *E. T. Adair,* for appellant.

*John L. Miller,* with him *John H. Scott,* of *Duff, Scott & Smith,* for appellee.

OPINION BY KENWORTHEY, J., July 23, 1942:

This is an action on an insurance policy on the life of James Miller Hendricks. The action is by Anna E. Hendricks, administratrix of his estate. The policy was payable to "Mary Hendricks, Beneficiary, Wife of the Insured." After his death, on June 3, 1940, the proceeds of the policy were paid to Mary (or Marie) Cohen, Hendricks' paramour, with whom he had openly lived for over five years and by whom he had three children. Plaintiff is Hendricks' legal wife. She does not claim she is the beneficiary actually named in the policy. She claims under the clause which provides: "If there be no Beneficiary living at the death of the Insured the proceeds of this Policy shall be payable to the executors, administrators or assigns of the Insured, unless otherwise provided in the Policy."

In her case, in chief, plaintiff proved the terms of the policy, that it was in force at the time of Hendricks' death, and that she, not "Mary Hendricks," was the *legal* wife. She admitted she had not lived with Hendricks from some time in January 1935, but testified she did not know that he was living with Mary Cohen. Defendant then called a large number of witnesses who testified that Hendricks had been living with Mary Cohen and that he had represented her as his wife. In rebuttal, plaintiff called Hendricks' brother and sister-in-law, who, although they denied Hendricks had ever

*introduced* Mary Cohen to them as his wife, admitted that he had been living with her.

The verdict was for plaintiff. The court, en banc, entered judgment for defendant non obstante veredicto. Plaintiff appeals.

This court has recently held *(Stewart, Admrx. v. Shenandoah Life Insurance Co., Inc.,* 144 Pa. Superior Ct. 549, 20 A. (2d) 246),[1] that there is no rule which prevents a man from naming his paramour as beneficiary of his insurance policy. We likewise held in the same case that the addition of the word "wife" after the name of a person not the legal wife of the insured will not, of itself, deprive her of the benefits of the policy.

The precise question presented by this appeal has not been ruled by either of our appellate courts. Decisions in other jurisdictions called to our attention are likewise distinguishable on their facts. The question is: Where there is proof that the beneficiary designated in a policy as the wife of the insured is not the *legal* wife, can a jury be permitted to find there was *no* beneficiary where it is admitted the insured was actually living with a woman whose given name fits the description?

We think the question answers itself. The basic issue is: Whom did Hendicks intend to get the benefits of his policy? When a man of sound mind, with all his faculties, names in a policy of insurance "Mary Hendricks, Wife," it must be presumed he intended a real, not a fictitious person. If his legal wife is not Mary, but he has an "illegal" wife or paramour who is, it is simply common sense that he intended the latter in the absence of proof to the contrary. We think, in this case, the court correctly so held as a matter of law.

The judgment is affirmed.

---

[1] See also *Overbeck v. Overbeck,* 155 Pa. 5, 25 A. 646.