**AETNA LIFE INSURANCE COMPANY, Plaintiff,**

**v.**

**Violet H. MESSIER, Grace E. Messier, Thelma M. Messier, Individually and as Administratrix of the Estate of Linwood Joseph Messier, deceased, Defendants.**

**Civ. A. No. 6233.**

United States District Court
M. D. Pennsylvania
April 14, 1959.

---

Richard H. Warren, Warren, Hill, Henkelman & McMenamin, Scranton, Pa., for plaintiff.

Ralph P. Needle, Scranton, Pa., for defendant Violet H. Messier.

Matthew D. Mackie, Scranton, Pa., Leo Achterman, John J. Pentz, Jr., Stroudsburg, Pa. for defendants Grace E. and Thelma M. Messier.

JOHN W. MURPHY, Chief Judge.

■ Plaintiff, a Connecticut corporation, filed an action of interpleader, 28 U.S.C.A. §§ 1335, 1397, 2361, F.R.Civil Proc.Rule 22, 28 U.S.C.A., to determine which of three claimants, all residents of this district,[1] is entitled to the proceeds[2] of Group Certificate No. 2842,

---

1. As to requisite diversity, see Kerrigan's Estate v. Joseph E. Seagrams & Sons, 3 Cir., 1952, 199 F.2d 694, 697.

2. $10,000—liability was conceded, the sum deposited in the Registry of the Court abiding the judgment of the court. The insurer was discharged; an issue framed between the claimants; a case stated; the relevant facts stipulated. Only questions of law remain. See United Security Life Ins. Co. v. Brown (No. 2) 1921, 270 Pa. 270, 272–273, 113 A. 446; Hendricks v. Prudential Ins. Co. of America, 1942, 149 Pa.Super. 350, 27 A.2d 261. As to procedure, see First National Bank of McKeesport, Pa. v. Gable, D.C.W.D. Pa.1951, 98 F.Supp. 632; cf. Garland v. Craven, 1944, 156 Pa.Super. 351, 354, 41 A.2d 140.

The burden of proof is upon the one challenging the right of the named beneficiary to recover. Peoples First Nat. Bank & Trust Co. v. Christ, 1949, 361 Pa. 423, 427, 65 A.2d 393; First National Bank of Glen Campbell v. Burnside National Bank, 1934, 314 Pa. 536, 540, 172 A. 641. As to the burden of the named beneficiary, see Nelson v. Aetna Life Ins. Co. etc., 1934, 115 Pa. Super. 15, 17, 174 A. 624, and see United Security Life Ins. Co. etc. v. Brown (No. 1) 1921, 270 Pa. 264, 267–268, 113 A. 443. Nature of evidence required: Lawrence v. Godfrey, 1929, 296 Pa. 474, 479, 146 A. 107; Garland v. Craven, supra, 156 Pa.Super. at page 356, 41 A.2d 140; Waples v. Police Ben. Ass'n, 1944, 156 Pa.Super. 592, 41 A.2d 342.

issued by plaintiff, an insurer, to Linwood Joseph Messier, since deceased, as an employee of Slater System, Inc., the policyholder, under Group Policy No. 53169.

April 18, 1937, Messier married Grace Elizabeth Boote at Wilmington, Delaware. Thelma M. Messier was born of that marriage. After separating from his first wife, without obtaining a divorce, Messier on January 3, 1957, under authority of a Virginia marriage license, in a church ceremony, in the presence of witnesses, married Violet H. Messier. Thereafter they lived together as man and wife and were, until the time of his death on November 21, 1957, so known among their friends and acquaintances. Upon the death of the insured, Thelma M. Messier, his daughter, was named administratrix of his estate.

For some time prior to April 1, 1953, up until the time of his death, Messier was employed by Slater System Inc. April 1, 1953, Slater as an employer applied and, upon agreeing to pay all premiums monthly in advance, received, from Aetna, Group Policy No. 56139— one year term renewable—insuring its employees [3] upon a non-contributory and contributory basis,[4] Aetna agreeing to issue to Slater for delivery to each insured employee a certificate containing a statement as to the insurance protection to which he was entitled and to whom it was payable. Slater's application, the group policy, and each individual certificate provided that each insured employee may designate the beneficiary to receive the sum payable upon the death of the insured, and that the insured may change such designation as often as he desired.[5] Before such cer-

tificate could be prepared each individual employee had to designate the beneficiary of his insurance or, in the event of a change of beneficiary, to file the requisite written request. Any sum becoming due on account of the death of an insured employee was payable to the beneficiary last designated. "If no beneficiary has been designated, such sum shall be payable to the employee's widow * * *. If none survives * * * to the employee's executors or administrators."

April 1, 1953, Group Insurance Certificate No. 2842 was issued to Linwood Messier, stating that by Group Policy No. 53169 Aetna had insured certain employees of Slater; that under and subject to the terms of the group policy "Linwood Messier", an employee, was insured for $5000, and that he had designated "Grace E.—Wife" as the beneficiary to receive such benefits as are payable under the group policy in the event of his death.

January 7, 1957, Messier by written request revoked the previous designation of "Grace E.—Wife" as his beneficiary and in its stead designated "Violet H. Messier, wife" as his beneficiary. A new Certificate No. 2842 was issued and delivered to Messier as above, stating that "L. Joseph Messier", an employee, was insured for $10,000 and that he had designated "Violet H. Messier, wife" as his beneficiary.[6] It was agreed that Grace E. Messier held the first certificate; that Violet H. Messier held the second.

There is nothing in either certificate to show whether the insurance as to Messier was on a contributory or non-contributory basis. It was agreed that Slater paid all premiums on the first $5000; that Messier paid by payroll de-

---

3. With exceptions not herein pertinent.

4. Non-contributory, without the employees making any request therefor or contributing to the cost of the insurance, the employer paying the entire premium; contributory, only where the required number of individual employees each requested it in writing and agreed to contribute toward the cost thereof by authorized payroll deductions; coverage of

an individual employee automatically ceased if the required contributions were not made.

5. By written request filed at the headquarters of the employer or at the home office of the insurance company, to become effective upon filing.

6. The certificate carried the legend that it replaced all previous certificates.

ductions his share of the premiums for the second $5000. The certificate of April 1, 1953, was therefore issued on a non-contributory basis; that of January 7, 1957, one-half on a non-contributory, one-half on a contributory basis.[7]

Violet H. Messier claims the proceeds as the last designated beneficiary. See Smith v. Metropolitan Life Ins. Co., 1908, 222 Pa. 226, 229, 230, 71 A. 11, 20 L.R.A., N.S., 928. Grace Messier points (1) to the illegality of the second marriage: Stewart v. Shenandoah Life Ins. Co. Inc., 1941, 144 Pa.Super. 549, 555, 20 A.2d 246, and contends that Violet was not as a matter of law "Violet H. Messier" or "wife" of the insured; (2) to § 412 of the Insurance Company Law of 1921— May 17, P.L. 682, Art. IV as amended, 40 P.S. § 512—which provides that " * * * no person shall cause to be insured the life of another, unless the beneficiary named * * * whether himself or a third person, has an insurable interest in the life of the insured * * * ", defining "insurable interest" as meaning "in the case of persons related by blood or law, an interest engendered by love and affection, and, in the case of other persons, a lawful economic interest in having the life of the insured continue, as distinguished from an interest which would arise only upon the death of the insured"; and argues that it was Slater that caused the life of Messier to be insured and that neither Slater nor Violet H. Messier had an insurable interest in the life of the insured. Absent a legally designated beneficiary she, as the surviving widow, claims the proceeds. Thelma M. Messier asserts that since the named beneficiary is not eligible and the insurer has paid the proceeds into court, they should be awarded to her as administratrix of the decedent's estate.[8]

All operative facts occurred in Pennsylvania. We therefore look to Pennsylvania law to determine the substantive rights of the parties. Solomon v. Neisner Bros. Inc., 1950, D.C.M.D. Pa., 93 F.Supp. 310, at page 312, affirmed 3 Cir., 1951, 187 F.2d 735; First National Bank of McKeesport, Pa. v. Gable, D.C.W.D.Pa.1951, 98 F.Supp. 632, at page 633; Harry L. Sheinman & Sons Inc. v. Scranton Life Ins. Co., 3 Cir., 1942, 125 F.2d 442, 444.

There is a very definite distinction between the questions as to the insurable interest of one taking out a policy of insurance on the life of another and as to the right to take out a policy on his own life for the benefit of another: 29 Am.Jur. § 355. Everyone has an insurable interest in his own life. Before a person can validly procure insurance upon the life of another he must have an insurable interest in that life. 2 Appleman Insurance Law and Procedure (1941 ed.) § 761. In Pennsylvania since Scott v. Dickson, 1884, 108 Pa. 6, a person may take out a policy of insurance on his own life, pay the premiums, and name as beneficiary whomsoever he pleases regardless of whether such beneficiary has an insurable interest: Haberfeld v. Mayer, 1917, 256 Pa. 151, 153, 100 A. 587; Stewart v. Shenandoah Life Ins. Co., 1941, 144 Pa.Super. 549, at page 556, 20 A.2d 246, and see Connecticut Mutual Life Ins. Co. v. Schaefer, 1876, 94 U.S. 457, 460, 24 L. Ed. 251, but a person cannot take out a valid and enforceable policy of insurance for his own benefit and pay the premiums thereon on a life in which he has no insurable interest. Werenzinski v. Prudential Ins. Co. of America, 1940, 339 Pa. 83, 85, 14 A.2d 279; Peoples First Nat. Bank & Trust Co. v. Christ, 1949, 361 Pa. 423, at page 426, 65 A.2d 393. Where the policy is issued for the use of one having no insurable interest, the contract is one of wagering, against public policy, and cannot be enforced.

---

7. Slater kept a record of each employee's insurance, beneficiary designation, payroll deductions, etc.

8. Peoples F. N. B. & Tr. Co. v. Christ, supra, 361 Pa. at page 426, 65 A.2d 393;

Mikesell v. Mikesell, 1909, 40 Pa.Super. 392, 397; Young v. Hipple, 1922, 273 Pa. 439, 442, 443, 117 A. 185, 25 A.L.R. 1541.

The speculative purpose is presumed, irrespective of the motive or intention of the parties. United Security Life Ins. Co. v. Brown (No. 1) 1921, 270 Pa. 264, at page 267, 113 A. 443.

While a woman has an insurable interest in the life of her husband: Corson's Appeal, 1886, 113 Pa. 438, 447, 6 A. 213, we need not now decide whether under the circumstances Violet H. Messier had such an interest;[9] nor shall we stop to consider the applicability of the rule that an insurable interest need not be proved at the maturity of the policy if it was valid at its inception.[10] Although § 412 (40 P.S. § 512) provides that persons and corporations may insure the lives of employees without the signing of a personal application, and that any person may insure his own life for the benefit of any person or corporation, absent special conditions, traditionally, an employer having no insurable interest could not take out a valid policy of insurance on his employee naming the employer as beneficiary.[11]

Keystone Mutual Benefit Ass'n v. Norris, 1886, 115 Pa. 446, 450, 8 A. 638, teaches that the insurable interest must arise from the relation of the party taking out the insurance to the insured. However, under § 412 the beneficiary need not have an insurable interest unless he or a person other than one allowed to do so in the Act caused the policy to be issued. Hall v. Metropolitan Life Ins. Co., 1925, 39 Lanc.Law Rev. 445, 446; and see Warburton v. John Hancock Mutual Life Ins. Co., 30 Del. Co.R. 279, 281; In re Szymanski's Estate, 1933, 109 Pa.Super. 555, 558, 167 A.2d 420; 29 Am.Jur. Id. § 356; 44 C.J. S. Insurance § 202, p. 902; Note 108 A.L.R. 449, at pages 455, 456; and see

---

9. Cf. Overbeck v. Overbeck, 1893, 155 Pa. 5, 25 A. 646; In re Estate of Mueller, 1885, 15 Pittsb.Leg.J.,N.S., 326, 327 (32 O.S.); Supplee v. Knights of Birmingham, 1885, Pa.Supreme Ct., 18 Wkly.Notes Cas. 280; cf. DeGrote v. DeGrote, 1896, 175 Pa. 50, 34 A. 312; Arcutt v. Brotherhood of L. F. & E., 1945, 157 Pa. Super. 385, 43 A.2d 599; 2 Appleman § 762. As to legal obligation, see Aetna Life Ins. Co. v. Hartley, D.C.D.Md.1933, 4 F.Supp. 639, 642, and see 29 Am. Jur.Ins. §§ 353, 368; 44 C.J.S.Insurance § 205; Strachan v. Prudential Ins. Co. of America, 1947, 321 Mass. 507, 73 N.E.2d 840, 841, 843, 173 A.L.R. 711; Western & Southern Life Ins. Co. v. Webster, 1916, 172 Ky. 444, 189 S.W. 429, L.R.A.1917B, Ann.Cas.1917C, 271; Equitable Life Assur. Society v. Paterson, 1870, 41 Ga. 338, 5 Am.Rep. 535; 2 Appleman § 803; Lampkin v. Travelers Ins. Co., 1898, 11 Colo.App. 249, 52 P. 1040, 1045; 1 Cooley Briefs on Insurance, 2d ed., p. 379.

The definition of insurable interest in the Act expressed more broadly what had in effect been declared by earlier cases. Murray v. G. F. Higgins Co., 300 Pa. 341, at page 346, 150 A. 629, 75 A.L.R. 1360. "* * * one reasonably justifying an expectation of advantage or benefit from the continuance of the life of the insured, so that the purpose of the party effecting the insurance is to secure that advantage and not merely to place a wager upon the duration of human life."

In re Gibbons' Estate, 1938, 331 Pa. 36, 40–41, 200 A. 55, 57; Clayton v. Industrial Life Ins. Co., 1948, 162 Pa.Super. 77, 79, 56 A.2d 292, and see Warnock v. Davis, 1881, 104 U.S. 775, 779, 26 L. Ed. 924; Connecticut Mutual Life Ins. Co. v. Schaefer, supra, 94 U.S. 457. " 'It is enough that in the ordinary course of events financial loss or disadvantage will naturally and probably result from the death of the one whose life is insured to the person obtaining the policy'." Murray Extrx. v. G. F. Higgins, supra, 300 Pa. at page 346, 150 A. at page 630 and see 29 Am.Jur. Id. § 353. As to legal enforceability, see 2 Appleman § 762, pp. 89, 90; Carpenter v. United States Life Ins. Co., 1894, 161 Pa. 9, 15, 28 A. 943, 23 L.R.A. 571; Young v. Hipple, supra, 273 Pa. at page 446, 117 A. 185.

10. Kelly v. Prudential Ins. Co. of America, 1939, 334 Pa. 143, 153, 6 A.2d 55; In re Montgomery's Estate 1930, 299 Pa. 452, 149 A. 705; Scott v. Dickson, supra, 108 Pa. at page 13; Corson's Appeal, supra, 113 Pa. at page 447, 6 A. 213; and see Conn. Mutual Life Ins. Co. v. Schaefer, supra, 94 U.S. at 461.

11. United Security Life Ins. Co. v. Brown, supra, 270 Pa. at page 272, 113 A. 446; United Security Life Ins. & Trust Co. of Pa. v. Perugini Union Mutual Relief Ass'n, 1922, 273 Pa. 554, 557, 117 A. 413; 29 Am.Jur. Id. § 365; cf. Murray v. G. F. Higgins Co., 1930, 300 Pa. 341, 345, 150 A. 629, 75 A.L.R. 1360.

Metropolitan Life Ins. Co. v. Doty, etc., 35 Pa. Dist. & Co. R. 331, 334. The purpose of § 412 was to prevent wagering contracts on the life of another by one having no insurable interest therein. Pashuck v. Metropolitan Life Ins. Co., 1936, 124 Pa.Super. 406, 410, 411, 188 A. 614.

In 1929 by the Act of April 26, P.L. 785, § 1, §§ 415 and 416 were added to the Act of 1921, supra, defining group insurance, authorizing its issuance, and setting up standard provisions [12]—the policy to be issued to the employer, premiums to be paid by the employee, or by the employer and employee jointly insuring employees for the benefit of persons other than the employer.

The present law on group insurance— Act of 1949, Id. § 1, as amended, 40 P.S. § 532.1—authorizes " * * * (1) A policy issued to an employer * * * deemed the policyholder, to insure employees of the employer for the benefit of persons other than the employer." [13] § 6 Id., 40 P.S. § 532.6 sets up standard policy provisions,[14] e. g. sub-section 6: " * * * any sum becoming due by reason of the death of the person insured shall be payable to the beneficiary designated by the person insured * * *."[15]

 The obvious primary purpose of this type of insurance is to supply low cost insurance for the protection of employees. Brown v. Carnegie-Illinois Steel Corp., 1951, 168 Pa.Super. 380, at page 383, 77 A.2d 655, affirmed 1951, 368 Pa. 166, 81 A.2d 562; 1 Appleman § 41 (1959 Pocket Supp. p. 8); Couch Cyc. of Ins. Law, § 29, p. 44. In procuring such insurance, obtaining

applications, taking payroll deductions, and paying premiums, the employer acts as agent for the employees and for themselves: Hanaieff v. Equitable Life Assur. Soc. of the U. S., 1952, 371 Pa. 560, 564, 92 A.2d 202; McFadden v. Equitable Life Assur. Soc. of the U. S., 1945, 351 Pa. 570, 575, 41 A.2d 624, and see 1 Appleman § 43, thus rendering their employees a service and promoting industrial good will. Miller v. Travelers Ins. Co., 1940, 143 Pa.Super. 270, 274, 17 A.2d 907; 29 Am.Jur. Id. § 1371; Boseman v. Connecticut Gen. Life Ins. Co., 1937, 301 U.S. 196, 204, 57 S.Ct. 686, 81 L.Ed. 1036; 1 Appleman § 42.

 In Pennsylvania the group life insurance contract includes not only the group or master policy—the principal contract—but also the certificate of insurance issued to the individual employees for in it alone does the name of the beneficiary and the amount of his insurance appear. Ercole v. Metropolitan Life Ins. Co., 1944, 155 Pa.Super. 549, 552, 39 A.2d 293; Poch v. Equitable Life Assur. Soc. of U. S., 1941, 343 Pa. 119, 122, 22 A.2d 590, 142 A.L.R. 1279.

 The contract is one of insurance between the insurer and the employer under a blanket policy for the benefit of the employees. 1 Appleman § 41 (1959 Pocket Supp.); 29 Am.Jur. § 1370. It is a distinct form of insurance differing in many respects from ordinary life insurance. Miller v. Travelers Ins. Co., supra, 143 Pa.Super. at page 274, 17 A.2d 907; 44 C.J.S. Insurance § 15, but see Hundertmark v. Hundertmark, 1952, 372 Pa. 138, 144, 145, 93 A.2d 856, and Industrial Life Ins. Co.

12. §§ 415, 416 were repealed by § 10 of the Act of 1949—May 11, P.L. 1210, 40 P.S. §§ 531, 532.

13. § 2 Id., 40 P.S. § 532.2. (1) Eligibility of employees; (2) Payment of premiums; (3) Number of employees required; (4) Amount of insurance; §§ 3, 4, 5 Id., 40 P.S. §§ 532.3, 4, 5 are not presently pertinent.

14. " * * * (ii). The standard provisions required for individual life insur-

ance policies shall not apply to group life insurance policies."

15. And see Id. "(7) * * * that * * insurer will issue to the policyholder for delivery to each person insured an individual certificate setting forth a statement as to the insurance protection to which he is entitled, to whom the insurance benefits are payable, and the rights and conditions set forth in (8), (9) and (10) * * *." §§ 7, 8 and 9 Id., 40 P.S. §§ 532.7, 8, 9 are not presently pertinent.

v. Hunt, 1939, 335 Pa. 305, 309, 6 A.2d 781; 1 Appleman § 41; Land v. West Coast Life Ins. Co., 1954, 201 Or. 397, 270 P.2d 154, 155; Zeigler v. Equitable Life Assur. Soc. of U. S., 1935, 219 Iowa 872, 259 N.W. 769, 770. It is not made directly between the insurer and the insured as in other contracts of insurance. Four parties are affected: the insurer, the employer, the insured, and the beneficiary. 1 Appleman § 46; 29 Am.Jur. Id. §§ 1370, 1376. Aetna as insurer and Slater as employer and policyholder are the primary contracting parties. Miller v. Travelers Ins. Co., supra, 143 Pa. Super. at page 273, 17 A.2d 907; Bahas v. Equitable Life Assur. Soc., 1937, 128 Pa.Super. 167, 173, 193 A. 344, affirmed 331 Pa. 164, 200 A. 91. Whether or not the group policy will continue depends upon their will. Miller v. Travelers Ins. Co., supra. The employees, as the insured, have the sole right to designate the beneficiary except that the employer may not be so named. Individual policies, absent conversion, terminate upon cessation of employment or failure to make required premium contribution. The beneficiary has no power to keep the group policy in effect or to abrogate it. Miller v. Travelers Ins. Co., supra; 1 Appleman § 46; and see Brown v. Carnegie-Illinois Steel Corp., supra, 168 Pa.Super. at page 383, 77 A.2d 655; 2 Appleman § 771.

Although in some respects a party to the insurance contract: Poch v. Equitable Life Assur. Soc., supra, 343 Pa. at page 128, 22 A.2d 590, and see 1 Appleman § 44 (1959 Pocket Supp.), the insured employee is ordinarily considered only as a third party beneficiary: cf. Miller v. Travelers Ins. Co., supra, 143 Pa.Super. at page 273, 17 A.2d 907; Appleman § 46, with the right to sue on the policy and the individual contract. Poch v. Equitable Life Assur. Soc., supra, 343 Pa. at pages 124–126, 22 A.2d 590.

From the foregoing it is clear that the Act of 1949 not only authorizes group insurance but specifically provides that insured employees may designate the beneficiary, and change such designation as often as he desires.[16] The only restriction or limitation on such right [17] is that the employer cannot be so designated. The Act makes no distinction in this regard between contributory and non-contributory insurance. The reasons giving rise to the public policy which voids wagering contracts are not here present. Cf. Fomby v. World Insurance Co. of Omaha, Neb., D.C.D.Ark. 1950, 115 F.Supp. 913, 920, 921.

As to the designation in the present certificate, the only question is what person was intended. Hendricks Adm. v. Prudential Ins. Co. of America, supra, 149 Pa.Super. at page 352, 27 A.2d 261. Under the circumstances there can be no doubt as to the intention of the insured. The possibility of a misnomer and the addition of "wife" does not change the result. 29 Am.Jur. Id. § 1285; 2 Appleman §§ 771, 781, 801–803; 175 A.L.R. 1220–1226, and see Strachan v. Prudential Ins. Co. of America, supra, 73 N.E.2d at page 842. The fact that the beneficiary may have been incorrectly described did not render uncertain the identity of the person designated as beneficiary: see Arcutt v. Brotherhood of L. F. & Eng., supra, 157 Pa.Super. at page 387, 43 A.2d 599. "* * * all statements made by the policyholder or by the persons insured shall be deemed representations and not warranties * * *." See policy and Act of 1949, supra, § 6(3), 40 P.S. § 532.6(3).

There is nothing in the law to prevent Violet H. Messier being named as beneficiary and receiving the benefits. Overbeck v. Overbeck, 1893, 155 Pa. 5, 25 A. 646; Stewart v. Shenandoah Life Ins. Co. Inc., supra, 144 Pa.Super. at page 555, 556, 20 A.2d 246; Hendricks v. Prudential Ins. Co. of America, supra,

16. See and cf. Waples v. Police Ben. Ass'n, supra, 156 Pa.Super. at page 594, 41 A.2d 342.

17. See and cf. Mikesell v. Mikesell, supra, 14 Pa.Super. 392; Baltimore & O. R. Co. v. Veltri, 37 Pa.Super. 399, 405.

149 Pa.Super. at page 352, 27 A.2d 261; Garland v. Craven, supra, 156 Pa.Super. at page 355, 41 A.2d 140; Equitable Life Ins. Co. of Iowa v. Cummings, 3 Cir., 1925, 4 F.2d 794, 796; First National Bank v. Gable, supra, 98 F.Supp. at pages 633, 634; General American Life Ins. Co. v. Sutch, DC.W.D.Pa.1939, 31 F. Supp. 192. An order directing payment to her in the sum of $10,000 will follow.