The **PRUDENTIAL INSURANCE COMPANY OF AMERICA**, a corporation, Plaintiff,

v.

**May B. SERFASS, Lois J. McKee, Fred B. Alberts, Nettie Serfass and June Kistler Serfass, Defendants.**

Civ. A. No. 61–354.

United States District Court
W. D. Pennsylvania.

Feb. 5, 1962.

Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for plaintiff.

May B. Serfass, pro se.

Ruth F. Cooper, Pittsburgh, Pa., for defendant Lois J. McKee.

Palkovitz & Palkovitz, McKeesport, Pa., for defendants Fred B. Alberts and June Kistler Serfass.

Nettie Serfass, pro se.

GOURLEY, Chief Judge.

This is a non-jury trial in which the Prudential Insurance Company of America has interpleaded divers defendants in order to determine the persons entitled to the proceeds of an insurance policy. 28 U.S.C.A. § 1335.

Jurisdiction exists by reason of diversity between the claimants to the fund.

Defendants Lois J. McKee and Fred B. Alberts are judgment creditors of May B. Serfass and their rights are necessarily derived by and through May B. Serfass. Nettie Serfass, another defendant, avers that she paid the premiums on said policy and requests reimbursement for their amount.

Defendant May B. Serfass had been formally divorced from Lloyd B. Serfass, the decedent, on April 7, 1960, who had been married at the time of his demise to defendant, June Kistler Serfass.

Nettie Serfass, though notified by registered mail with ample notice of the trial date, did not appear in person nor was she represented by counsel. Nevertheless, the Court of its own volition conducted an independent inquiry and found no basis upon which to support the claim of Nettie Serfass.

Reduced to its simplest form, the contest as to the decedent's intended beneficiary must be limited to the claim of May B. Serfass (and those who assert a derivitive right as her creditors), decedent's divorced wife v. June Kistler Serfass, decedent's wife at the time of his demise.

The evidence adduced at trial, both oral and documentary, satisfies the Court beyond any peradventure of doubt that the decedent, after his divorce from May B. Serfass and upon his marriage to June Kistler Serfass, manifested an unequivocal intent to change the beneficiary of his policy from May B. Serfass to June Kistler Serfass. In July of 1960, he made inquiry of the Prudential Insurance Company of America at its office in Indiana, Pennsylvania, as to procedures to change his beneficiary to his then wife, June Kistler Serfass. The agent in charge of the office took the information on the desired changes and corresponded with the home office which insisted on the policy accompanying the

change. The policy was unavailable and the agent in charge could not take the position that it had been lost since he assumed that it was in the possession of the insured's former wife who would not release it to him.

■ It was only by reason of the restrictive regulations of the Prudential Insurance Company that decedent's intentions of naming his then wife as beneficiary did not become a reality. This conclusion is supported not only by the oral testimony of a managerial agent of the Company but is given further credence by specific forms which the decedent had filled out manifesting his intention to change his beneficiary but which could not be carried through solely because of the Company's insistence that the insurance policy accompany such request. This regulation is so deeply imbedded in the Company policy that the managerial representative of the Company, upon the Court's inquiry, categorically asserted that no person can change a beneficiary wherein an insurance policy is not in the possession or custody of the assured, even though it can not be said the policy is lost.

■ In order for a beneficiary other than the one named in the policy to show that she is entitled to the proceeds of the policy as against the named beneficiary, proof is required both of an intent to change and there must be some positive unequivocal act. Joseph v. New York Life Insurance Co., 308 Pa. 460, 162 A. 441; First National Bank of McKeesport v. Gable, D.C., 98 F.Supp. 632; Aetna Life Insurance Company v. Messier, D.C., 173 F.Supp. 90.

■ It is apparent that the insured did all that he could reasonably do to comply with the policy as evidenced by his consultations with the managerial representative of the insurance company and in the execution of forms which, under the restrictive policy of the Company, proved a nullity because of the unavailability of the policy.

Decedent's acts were positive, unequivocal and directed to every possible effort to change the beneficiary within the limitations of circumstances over which he had no control.

It is my considered judgment that the insured's attempted change of beneficiary was, as a matter of law, valid and effective and should be so recognized and that the Prudential Insurance Company of America, a corporation, pursuant to insurance policy No. D1106672 should pay the proceeds thereof to June Kistler Serfass.

An appropriate order is entered.