ANNIE BROGI, administratrix, *vs.* MARY E. BROGI.

Suffolk. January 11, 1912. — May 21, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DECOURCY, JJ.

*Insurance,* Life. *Husband and Wife.*

Where in a policy of life insurance, issued by a company organized in another State, the person named as beneficiary is described as the wife of the insured, and it appears that at the time the policy was issued the insured and the person named as beneficiary were living together in this Commonwealth as husband and wife in reliance upon a marriage ceremony performed in another State which was valid there and in every State except Massachusetts, and that by the term "wife" the insured meant to designate such person, she is lawfully the beneficiary under the policy, irrespective of the question whether she was the legal wife of the insured in this Commonwealth.

In this Commonwealth it is settled law that, in the absence of any indication that the transaction was intended as a wagering contract, the beneficiary designated in a policy of life insurance need not have an insurable interest.

CONTRACT, by the administratrix of the estate of Eugene J. Brogi for $9,888, being the amount of two policies of insurance on the life of the plaintiff's intestate collected by the defendant from the Travelers Insurance Company of Hartford, Connecticut. Writ dated October 28, 1908.

In the Superior Court the case was tried before *Lawton,* J. The plaintiff was the former wife of Brogi and obtained a divorce from him on the ground of adultery by a decree made on June 23, 1903. Brogi after the plaintiff left him kept a room at the defendant's lodging house. The defendant knew that he had been divorced and had two children. She testified that she thought that Brogi had procured a divorce. On December 29, 1903, the defendant and Brogi went to New York and there entered into a marriage and returned to Boston and thereafter lived as husband and wife. On June 21, 1905, the defendant and Brogi entered into a second marriage in Boston and thereafter continued to live as husband and wife.

On December 19, 1904, and on August 3, 1905, Brogi applied to the Travelers Insurance Company at Hartford for two twenty-payment life insurance policies of $5,000 each on his own life. In both applications he stated in his answer to the question whether he was married, that he was married and that he desired the policies payable at his death to Mary E. Brogi. When asked to give the full name, relationship and residence, he gave the relationship as "wife" in both applications; and he gave the residence as "Winthrop, Mass." At the time the applications were signed and the policies of insurance were issued the insured and the defendant lived together as husband and wife at Winthrop. The policies were issued by the company respectively on December 21, 1904, and on August 5, 1905, and the beneficiary named in them was Mary E. Brogi, wife. On the death of Brogi, on March 11, 1906, the insurance company paid to the defendant $9,888 as beneficiary under the policies. The defendant testified that she helped to pay the premiums on the first policy and paid all the premiums on the second policy out of her own money earned by keeping boarders and lodgers.

When the plaintiff was appointed administratrix of the estate of Brogi by the Probate Court, the defendant appealed to the Supreme Judicial Court and contended that she was entitled to be appointed administratrix on the ground that she was the wife of the deceased. The decree of the Probate Court was affirmed.

At the close of the plaintiff's evidence the judge ruled that there was no evidence to submit to the jury, and ordered a verdict for

the defendant. The plaintiff alleged exceptions, raising the questions stated in the opinion.

*A. Berenson*, for the plaintiff.

*J. S. Slater*, for the defendant.

HAMMOND, J. The policies being based upon the interest of the assured in his own life were supported by an insurable interest, and so far as respects this matter were valid.

The beneficiary named was "Mary E. Brogi, wife" of the assured. It is argued by the plaintiff that the defendant was made a beneficiary in her capacity as a wife and not as an individual; that she was not the lawful wife of the assured and hence was not a legal beneficiary. But this position is untenable. The defendant had been through two marriage ceremonies with Brogi, one of which took place in the State of New York. This, even if void here by reason of our statutes (R. L. c. 152, § 21; c. 151, § 10), was nevertheless valid in that State and hence valid everywhere except in this Commonwealth. And while we may not recognize the validity of the marriage when she is here seeking the rights of a wife under our laws, we must not close our eyes to the fact that there has been a marriage ceremony between her and Brogi; that at the end of that ceremony they stood side by side as lawfully wedded husband and wife under the laws of the State of New York and of every other State except Massachusetts. See *Whippen v. Whippen*, 171 Mass. 560. At the time the policies were procured the parties were living together as husband and wife in reliance upon the marriage ceremonies. In the interpretation of the language of the policy we are not to determine whether in this State the beneficiary was the legal wife of the insured, but whether by the term "wife" he meant her; and there can be no doubt that he did. She was the person named as the beneficiary whatever may have been her relation to him.

It is next argued that the defendant, not being here recognized as the legal wife of the beneficiary, had no beneficial interest in the life of the assured, and that consequently she was not a lawful beneficiary. It may well be doubted whether under the peculiar relation she sustained to her reputed husband she had not an insurable interest in his life. But we have not found it necessary to consider that question.

Whether an assignee or a beneficiary must have an insurable

interest in the life insured is a question upon which there is an irreconcilable conflict among the authorities. See among other cases *Warnock* v. *Davis*, 104 U. S. 775; *Gilbert* v. *Moose*, 104 Penn. St. 74; *Russell* v. *Grigsby*, 168 Fed. Rep. 577; *Gordon* v. *Ware National Bank*, 132 Fed. Rep. 444; *Clark* v. *Allen*, 11 R. I. 439; *Grigsby* v. *Russell*, 222 U. S. 149, and the cases therein respectively cited. For a collection of the cases see also 57 Amer. Dec. 94, 95. The law in this Commonwealth has been settled, and it is now held, in accordance with what seems to be the great weight of authority, that in the absence of any evidence indicating that the transaction was intended as a wagering contract it is not necessary that the beneficiary or assignee should have an insurable interest. *Mutual Life Ins. Co.* v. *Allen*, 138 Mass. 24. *Campbell* v. *New England Mutual Life Ins. Co.* 98 Mass. 381. There was no evidence in this case that a wagering transaction was intended by the parties. The validity of the designation of the beneficiary is not affected by her want of an insurable interest in the life insured. She was a legal beneficiary even if she had no insurable interests.

The evidence that the plaintiff while living with Brogi as his wife was infected by him with a venereal disease was properly excluded as immaterial.

The evidence as to the mental capacity of Brogi at the time the contracts were made was insufficient to warrant a finding that he was not capable of making those contracts. Nor was there any evidence of undue influence or fraud on the part of the defendant.

*Exceptions overruled.*