SCHMIDT, Admrx. v. PRUDENTIAL INS. CO.

Ohio Appeals, 9th Dist., Summit Co.

No. 1395. Decided Feb. 23, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

723. LIFE INSURANCE.
Under Ohio law a person may, in good faith, insure his own life for benefit of anyone whom he may choose, though not related to him by blood or marriage, and such insurance is not invalid as being against public policy.

Error to Common Pleas.
Judgment affirmed.

Parlett & Veitch, Akron, for Schmidt, Admrx.

Musser, Kimber & Huffman, Akron, for Insurance Co.

## STATEMENT OF FACTS.

On Feb. 1, 1924, Joseph Schmidt, then a resident of Morgantown, West Virginia, took out a life insurance policy with the Prudential Insurance Co., naming, as beneficiary, Anna Schmidt, wife of insured. He died within four months after purchasing this insurance.

His beneficiary filed proof of death and made claim for the amount of the insurance, which the company rejected on the ground that the policy was obtained by false and fraudulent representations as to his physical condition, but afterwards settled with her as the beneficiary and took up the policy.

Anna Schmidt, the beneficiary, was not the lawful wife of Joseph Schmidt, his lawful wife being one Mary Schmidt, to whom he had been married in the year 1912, and the company paid the beneficiary with knowledge that she was not his wife.

Mary Schmidt, having been the lawful wife and being his widow, was thereafter appointed administratrix of his estate in this county, and commenced action on the policy to recover the amount of the insurance. The Common Pleas Court found in favor of defendant.

## OPINION OF COURT.

The following is taken, verbatim, from the opinion.

FUNK, J.

Counsel for plaintiff contend that the rights of the parties should be determined according to the laws of West Virginia, and that, under the law of that state, a contract of insurance obtained by a person of his own life, for the benefit of another having no interest in his life, is void as against public policy—in other words, that said Anna did not have an insurable interest in decedent.

Counsel further contend that the legal effect of having named a beneficiary without an insurable interest in decedent, is the same as though no beneficiary had been named, and that, in the absence of a beneficiary so named, able to take under the laws of West Virginia, that the administrator of his estate is entitled to the proceeds of said policy, under the provision of the policy.

It seems to be conceded by counsel on both sides that, under the laws of Ohio, a person may, in good faith, insure his own life for the benefit of anyone whom he may choose, though not related to him by blood or marriage, and that such insurance, so procured, is not void as being against public policy.

Counsel for plaintiff seem to overlook the case of Burdotte v. Columbus Mutual Life Ins. Co., decided May 1, 1917, and reported in the 93 S. E. 366.

It is thus apparent that decedent had the right to make Anna the beneficiary under the law in either Ohio or West Virginia. This principle is supported by the great weight of authority and is the rule in most of the states.

It must be borne in mind that there is a clear distinction between a person insuring his life for the benefit of another and paying for it himself, and a person procuring and paying for the insurance on the life of another.

The judgment of the Common Pleas Court is therefore affirmed.

(Washburn, PJ. and Pardee, J., concur.)