No. 13,690.

BOSMA *v.* EVANS.
(44 P. [2d] 511)

Decided April 15, 1935. Rehearing denied May 6, 1935.

Mr. Joel E. Stone, Mr. John L. Zanoni, Miss Grayce M. Smith, for plaintiff in error.

Mr. David Oyler, Mr. Nathan I. Golden, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

These parties appeared in reverse order in the trial court. They are hereinafter referred to as Bosma and Mrs. Evans respectively, and the latter's deceased husband is referred to as Evans.

March 5, 1931, there was issued to Evans a life insurance policy for $5,000, with Mrs. Evans as beneficiary. It provided for double indemnity in case of death by accident. Under date of June 15, 1932, on the written request of Evans and Mrs. Evans, Bosma was substituted as beneficiary. That writing designated Bosma as "cousin" of the insured, which was not true. January 28, 1934, Evans, while riding in the automobile of Bosma driven by the latter's wife, received injuries from which he shortly thereafter died. The insurance company paid Bosma and Mrs. Evans brought this suit to recover, claiming the substitution of beneficiary was a mere assignment to Bosma as security for debts then owed him by Evans and his wife, payments of premium and interest thereon, and that the balance should be paid to her.

The cause was tried to the court which found for Mrs. Evans and gave her judgment for $9,197.34. To review that judgment Bosma prosecutes this writ and asks that it be made a supersedeas.

■ ■ Beyond questions of conflicting evidence on disputed facts there is little in this case. These questions are not serious and under a well settled rule the court's findings cannot be disturbed. The exact date of the agreement between Evans and Mrs. Evans and Bosma is in doubt, but is immaterial. Some details of that contract are shadowy and the evidence conflicting, but these are unimportant and the judgment controls. There is some doubt about the propriety of the admission of certain testimony. This is of no great moment and since the cause was tried to the court the presumption is that the judge disregarded these minor facts, such as that Bosma was not a citizen.

■ It is admitted that at the beginning of the negotiations Evans and his wife were indebted to Bosma; that they were unable to keep up premium payments; that the policy had lapsed and had to be reinstated; that Evans was ill; that Bosma knew this and doubted if he would recover. Bosma's position is that the change in beneficiary was without any agreement as to the Evans' debts and did not obligate him therefor. If so, under well settled law, Bosma was a mere speculator and this policy in his hands was a wager and was invalid. He had no insurable interest in Evans' life.

■ Much is made by counsel for Bosma of the claim that Mrs. Evans' position is that the contract was the oral creation of an express trust and on the theory that such a contract must be established under the rule relating to the oral creation of an implied trust she had to prove her case beyond a reasonable doubt. If such were the law as to an express trust the rule is not applicable here because Bosma in his answer alleges that he was to pay future premiums and was made "sole beneficiary * * * to receive any and all benefits provided for in said

policy upon the death of said Dewey G. Evans, * * * and that any benefits to be paid under the disability clause of said policy during the lifetime of the insured were to be paid to the said Dewey G. Evans.'' The total and permanent disability benefits provided by the policy were $50 per month which, under the terms thereof, with Bosma substituted as beneficiary, would be payable to Bosma, but which he admits were payable to Evans. Thus we have an admission, under oath, of the oral creation of an express trust. Bosma says this extended only to disability benefits. Mrs. Evans contends that it extended to the whole policy.

Bosma testified, inter alia, that he agreed with Evans that he would pay premiums until the latter ''got a job'' and got money to repay him with interest whereupon he would reassign the policy.

An insurance policy may be assigned to a creditor as security. But in case of great disparity between the face of the policy and the debt the transaction partakes so much of a speculation that when debt, premiums, expense and interest are deducted the balance must go to the beneficiary. 1 May on Insurance (4th Ed.), p. 193, §108; *Cammack v. Lewis*, 15 Wall. (U. S.) 643, 21 L. Ed. 244. Otherwise the creditor could not hold such a policy. He has no insurable interest and the contract falls within the forbidden class of ''wager contracts.'' *Warnock v. Davis*, 104 U. S. 775, 26 L. Ed. 924. Bosma by his pleading admits the oral creation of an express trust, and by his testimony admits that the transfer of the policy to him was as security for at least the premiums he paid. Under these admissions he either has nothing or has merely security for the debts due him. The court therefore gave him the most favorable judgment possible under his sworn admissions, and its findings are amply supported by much other evidence not herein detailed. He had no insurable interest in the life of Evans beyond his actual investment and interest, all of which he recovers.

508

The judgment is affirmed.

Mr. Chief Justice Butler and Mr. Justice Young concur.