No. 13,703.

Moore *v.* Hendley et al.

(48 P. [2d] 808)

Decided August 19, 1935.

Mr. Charles H. Smith, for plaintiff in error.

Mr. Robert H. LaGrange, Mr. George G. Ross, for defendants in error.

*In Department.*

Mr. Justice Bouck delivered the opinion of the court.

This case concerns a contest between rival claimants under each of two life insurance policies. Judgment in the district court went against the plaintiff in error Moore, who, as one of the claimants, was the plaintiff and is now asking for reversal. The administrator of the insured's estate (who was allowed to intervene) and one

Hurley Mallory, lawful husband of the insured, are the other claimants.

One Cornelia Moore, under her former name, Cornelia P. White, was the insured in both policies. She died December 29, 1933. The defendant in error Metropolitan Life Insurance Company, which issued both policies to her, deposited in the lower court the sum due thereunder, and as to the company the proceedings here have been dismissed. Nor do the defendants in error Georgia and William Hendley appear here.

The policies were issued respectively on October 5, 1931, and October 3, 1932, for death benefits of $420 and $260 respectively, calling for double those sums if death should be by accident, which turned out to be the fact in the present instance. The terms of the policies are substantially identical. Therefore, our discussion of the earlier one applies equally to the second, and we need not deal separately with the latter. So much of the first policy as it is necessary for us to consider is as follows:

"Metropolitan Life Insurance Company * * * doth hereby agree, subject to the conditions below and on page 2 hereof, each of which is hereby made a part of this contract and contracted by the insured and every person entitled to claim hereunder to be a part hereof, * * * if the insured shall die prior to the date of the maturity of the endowment, to pay * * * the amount stipulated * * * to the executor or administrator of the insured, unless payment be made under the provisions of the next succeeding paragraph.

"The company may make any payment * * * provided herein to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial. * * *.

"The conditions, privileges and concessions to policyholders, schedule on page 4 hereof, and any endorsement either printed or written as made by the company, on any

of the pages following, are a part of this contract as fully as if recited over the signatures hereto affixed.

"[Page 2:] This policy constitutes the entire agreement between the company and the insured and the holder and owner hereof. Its terms cannot be changed, or its conditions varied, except by the express agreement of the company evidenced by the signature of its president or secretary. * * '*

"[Page 3:] * * *

"[Page 4:] *Schedule referred to on page 1.*

* * *

"*Space for endorsements referred to in conditions on page 2.*

* * *

"Subject to the provision of the policy authorizing payment at the company's option to other persons, Thomas Moore, husband, has been designated beneficiary, to receive death benefit only.

"Oct 24 1933          W. C. Fletcher, Secretary"

Much evidence, pro and con, was introduced below as to whether the plaintiff Moore was entitled to recover under the "provision" referred to in the paragraph just quoted. That provision is found in the second quoted paragraph above, whereby payment of the death benefit might, at the option of the company and in lieu of payment to a named beneficiary, be made to the husband or other relative or connection of the insured or to a person whom the company might deem "equitably entitled" thereto by his having gone to the expense there specified. It is clear, however, that the provision is not involved, the company not having exercised its option to make payment thereunder.

■ The only issue presented by the record is whether Moore is entitled to receive the death benefit by virtue of the endorsement which designates him as the beneficiary (thus substituted for the insured's executor or administrator), the endorsement being the above mentioned final paragraph of the policy as quoted. This endorsement, on

page 4 of the policy, answers all the requirements of an "endorsement either printed or written by the company, on any of the pages following," which, by the stipulation on page 1, is expressly declared "a part of this contract as fully as if recited over the signatures hereto affixed." It obviously also complies strictly with the provision above quoted from page 2 of the policy, which permits the original contract to be changed by an "express agreement of the company evidenced by the signature of its president or secretary."

Designation of a new beneficiary, supplanting the one originally named in an insurance policy, is of course a common thing. But it is argued that Moore could not be substituted as beneficiary because he was not the lawful husband of the insured, the latter not having been divorced from Mallory, her former husband, at the time of her alleged marriage to Moore. This contention is not sound. The title of "husband" added to Moore's name in the above mentioned endorsement is mere descriptio personae. The insured was not limited in her choice of beneficiary to any particular class or classes, as is often the case in fraternal insurance societies, but not in old-line companies such as the defendant in error Metropolitan company. It was hers to select whomever she desired to benefit, regardless of any supposed absence of an insurable interest on the part of the beneficiary. There is nothing in the pleadings or in the evidence to suggest any restriction of that choice. See 1 Cooley's Briefs on Insurance (2d Ed.), pages 336, 337; 2 Id., page 1298. On the moral aspect emphasized by counsel, as well as generally, see *Mutual Benefit Life Ins. Co. v. Cummings,* 66 Ore. 272, 133 Pac. 1169.

Under the pleadings, facts and circumstances of the case, Moore is entitled to the death benefit, not because he was the insured's husband, but because he was duly substituted as beneficiary. It was error to enter judgment for the administrator of the insured's estate. The case must be remanded to the district court with directions to

enter findings and judgment in favor of Moore as to both policies.

The cross-errors assigned by the defendant in error Mallory have been considered, but, in view of the record and our conclusion as above stated, they cannot be sustained and need not be discussed.

Judgment reversed with directions.

Mr. Chief Justice Butler and Mr. Justice Hilliard concur.