## PRUDENTIAL INS. CO. OF AMERICA v. FABIANO.

### No. 309.

District Court, D. Massachusetts.

June 12, 1941.

Innes, Cottrell & Myron and Charles T. Cottrell, all of Boston, Mass., for plaintiff.

Clarence Buller and Denis F. Mahony, both of Boston, Mass., for defendant Fabiano.

McLELLAN, District Judge.

In this action, tried yesterday, the plaintiff in substance seeks a declaratory judgment that a policy of insurance upon the life of Louis Fabiano is not enforceable. The plaintiff is a life insurance company, the defendant Felix Fabiano is administrator of the estate of Louis Fabiano, and the defendant described as Rose Fabiano is the beneficiary under the policy of insurance here involved. Rose Fabiano has been defaulted. Felix Fabiano, administrator, makes a claim under the policy and there is such a controversy as to give the court jurisdiction under the declaratory judgment statute, U.S.C.A. Title 28, Section 400.

### Findings of Fact.

The Prudential Insurance Company, plaintiff, issued a policy on or about January 28, 1931, to Louis Fabiano, whereby it promised to pay "Rose Fabiano, Beneficiary, Wife of the Insured," the sum of $5,000 upon receipt of due proof of the insured's death. The quarterly premiums were payable January 28, April 28, July 28 and October 28, in each year. The first premium was paid in January, 1931, and the plaintiff's home office records so disclose. These records show no subsequent payment and under all the circumstances, including, among others, the fact that no attempt on the part of the defendants to show the contrary was made, I find that the initial premium was the only one paid. The April, 1931, premium was accordingly in default and the policy lapsed upon the expiration of the period of grace on or about May 29, 1931. The policy was accordingly no longer in force on June 8, 1931, when the insured died in consequence of an accident.

For about three years before his death, the insured had lived with a young woman whose maiden name was Rose Crudo, who at fourteen or fifteen had married Joseph Ritondale. Ritondale had died when she began living with the insured. The insured had been divorced and intended to marry her at the expiration of two and one-half or three years from the date of the decree nisi. He died before the time was up and Rose Crudo Ritondale, who had been known generally and held out by the insured as Rose Fabiano, his wife, applied for but did not obtain administration upon his estate. The probate records disclose, however, and I find that apparently she received a portion of his estate as if she were his widow. Suits were brought for her as the beneficiary named in the policy against the Insurance Company, and ultimately the claim was settled for some $1,200. "Rose Fabiano", as she was known to the Insurance Company and to others, executed under that name a release of all claims under the policy, which purported to discharge the insurer from all liability thereunder.

"Rose Fabiano" was at no time the wife of Louis Fabiano, though the plaintiff at all times here material justifiably thought she was. Undoubtedly she was the person whom the insured intended to designate and did designate as the beneficiary under the policy, and the fact that she was Ritondale's widow, as the insured knew, is of little or no importance. Whatever name the outraged Achilles assumed when he hid himself among women, he was still Achilles.

In so far as it involves questions of fact rather than of law, I find that the policy in question lapsed before the insured's death for non-payment of premiums, that "Rose Fabiano" was the beneficiary to whom the policy would have been payable if it had been in force, that her release of the insurer was valid and that the plaintiff is entitled to a declaratory judgment of the sort hereafter more fully described.

### Conclusions of Law.

1. Upon all the evidence and the foregoing findings of fact based thereon, I conclude that the policy had lapsed for non-payment of premiums before the death of the insured.

2. The only person who would have been entitled to enforce the policy, if in effect when the insured died, was "Rose Fabiano", described as beneficiary in the policy by the words "Rose Fabiano, Beneficiary, Wife of the Insured". The fact that she was not "Wife of the Insured" is, under the Massachusetts decisions, of no importance. Here there is no general requirement that the beneficiary under a life policy shall have an insurable interest in the insured's life. And the words "Wife of the Insured" may be disregarded when, as in the case at bar, there is no doubt as to the identity of the beneficiary. As stated in Brogi v. Brogi, 211 Mass. 512, at

page 515: "The law in this Commonwealth has been settled, and it is now held, in accordance with what seems to be the great weight of authority, that in the absence of any evidence indicating that the transaction was intended as a wagering contract it is not necessary that the beneficiary or assignee should have an insurable interest. Mutual Life Ins. Co. v. Allen, 138 Mass. 24. Campbell v. New England Mutual Life Ins. Co. 98 Mass. 381. There was no evidence in this case that a wagering transaction was intended by the parties. The validity of the designation of the beneficiary is not affected by her want of an insurable interest in the life of insured. She was a legal beneficiary even if she had no insurable interests."

See, also, Potvin v. Prudential Insurance Company of America, 225 Mass. 247. The release executed by "Rose Fabiano" discharged the insurer of all liability under the policy.

3. A judgment is to be entered declaring that the policy issued by the plaintiff and numbered 7195386 was not in force at the time of the insured's death, that none of the defendants are entitled to recover anything upon the policy, that the release by "Rose Fabiano" constituted a full discharge of any liability of the insurer, and an injunction is to issue perpetually enjoining the defendant Felix Fabiano, administrator of the estate of Louis Fabiano, from instituting any action against the plaintiff for the recovery of the amount of the policy or any portion thereof.

No costs are to be taxed.