MARY JANE STRACHAN, administratrix, *vs.* THE PRUDEN-
TIAL INSURANCE COMPANY OF AMERICA.

Middlesex.   May 28, 1947. — June 27, 1947.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Insurance,* Life insurance: designation of beneficiary.   *Public Policy.*

The mere fact that one, designated by name as the beneficiary under a
policy of life insurance and found to be the one intended by the in-
sured to take the proceeds, was also described in the policy as the
wife of the insured, although she was not his wife, did not render un-
certain the identity of the beneficiary.

Neither public policy nor want of an insurable interest precluded pay-
ment of the proceeds of a life insurance policy to a woman designated
therein by name as the beneficiary of the policy and therein described
as but not warranted to be the wife of the insured, where in fact she
was not his wife but cohabited with him as such.

CONTRACT.   Writ in the District Court of Lowell dated
March 18, 1943.

The case was heard by *Eno,* J.

In this court the case was submitted on briefs.

*James J. Sullivan,* for the defendant.

*M. Lipchitz,* for the plaintiff.

RONAN, J.   This is an action of contract by the adminis-
tratrix de bonis non of the estate of Ansley R. Strachan to
recover the amount of a policy issued to the intestate and
payable "to Lillian Strachan, beneficiary, wife of the in-
sured," and to his personal representatives if no beneficiary
was living at the time of his death.   The judge found for
the defendant, but this finding was vacated by the Appellate
Division, which ordered a new trial upon the question of
damages.   The second trial resulted in a finding for the
plaintiff.   The defendant appealed from the final decision
of the Appellate Division dismissing the report from the
second trial.

The appeal brings before us for review both decisions of
the Appellate Division, but we need consider only the first
trial because if there was no error at that trial then the find-

ing made for the defendant must stand and all subsequent proceedings become of no importance. *Weiner* v. *Pictorial Paper Package Corp.* 303 Mass. 123. *Marquis* v. *Messier,* 303 Mass. 553. *Munson* v. *Bay State Dredging & Contracting Co.* 314 Mass. 485.

The only matter reported to the Appellate Division from the first trial was the denial of the plaintiff's request that she was entitled to recover as matter of law because (1) there was no marriage between the insured and Lillian Wadel, (2) the defendant insurance company knew that Lillian Wadel was not the wife of the insured when she signed the proof of death as Lillian Wadel, (3) Lillian Wadel knew she was not married to the insured, (4) the name Lillian Wadel was fictitious, (5) she was the paramour of the insured, and (6) as paramour his designation of her as the beneficiary fails and his estate is entitled to the proceeds of the policy. The judge denied the request because he found that Lillian Wadel was the one intended by the insured to be the beneficiary; that, although she was not his wife, she and the insured lived together as man and wife; that they were engaged to be married; and that the defendant paid the amount of the policy to her. He made no other findings except the general finding for the defendant.

The first five grounds included in this request dealt only with matters of fact. The judge could not be required to make findings of fact, and this is especially true where the plaintiff, instead of stating the facts hypothetically, assumed the truth of the matters contained in these grounds and, upon the assumption that they were true, requested not only a ruling of law as to each of them but also an implied finding of all the facts involved in each of the alleged grounds. The plaintiff was not entitled to findings on these five grounds although the judge in refusing the request made findings on most of the material matters embraced in these grounds. *Memishian* v. *Phipps,* 311 Mass. 521. *Codman* v. *Beane,* 312 Mass. 570. *Liberatore* v. *Framingham,* 315 Mass. 538. *Union Market National Bank* v. *Derderian,* 318 Mass. 578, 584. *Godfrey* v. *Caswell, ante,* 161.

This leaves open for consideration the question whether

the company could pay the beneficiary named by the insured or whether the designation was invalid and payment should be made to the estate of the insured. The denial of this request would be reversible error if the insured had no right to make such designation and the company had no right to pay her. *Ryerson* v. *Fall River Philanthropic Burial Society*, 315 Mass. 244. *Quinby* v. *Boston & Maine Railroad*, 318 Mass. 438.

The plaintiff contends that the beneficiary was not entitled to the proceeds of the policy and that the payment to her by the company was invalid. We must determine the obligation of the company to her.

The judge was justified in finding that the insured intended that the proceeds of the policy should be paid to her if he died before her and before the maturity of the policy; and the fact that she was incorrectly described as his wife did not render uncertain the identity of the person whom he designated as the beneficiary. *Brogi* v. *Brogi*, 211 Mass. 512. *Federal Life Ins. Co.* v. *Tietsort*, 131 Fed. (2d) 448. *Frank* v. *Frank*, 209 Ala. 630. *Standard Life & Accident Ins. Co.* v. *Martin*, 133 Ind. 376. *Ester* v. *Prudential Ins. Co.* 298 Mich. 330. *Vivar* v. *Supreme Lodge Knights of Pythias*, 23 Vroom, 455. *Durian* v. *Central Verein of the Hermann's Soehnne*, 7 Daly (N. Y.) 168. *Gibson* v. *Travelers Ins. Co.* 183 Misc. (N. Y.) 678. *Pierce* v. *Metropolitan Life Ins. Co.* 46 Ohio App. 36. *Green* v. *Southwestern Voluntary Association, Inc.* 179 Va. 779. *Levas* v. *Metropolitan Life Ins. Co.* 175 Wash. 159. It was not necessary that she should have an insurable interest in his life. *Campbell* v. *New England Mutual Life Ins. Co.* 98 Mass. 381. *Mutual Life Ins. Co.* v. *Allen*, 138 Mass. 24. *Potvin* v. *Prudential Ins. Co.* 225 Mass. 247. Where the power to change the beneficiary is reserved by an insured in an ordinary life policy, the beneficiary acquires not merely an expectancy in the anticipated benefits but a qualified vested interest subject to be divested if a change in the beneficiary is made, *Kochanek* v. *Prudential Ins. Co.* 262 Mass. 174; *Resnek* v. *Mutual Life Ins. Co.* 286 Mass. 305; *Kruger* v. *John Hancock Mutual Life Ins. Co.* 298 Mass. 124, or if the beneficiary

predeceases the insured, *Davis* v. *New York Life Ins. Co.* 212 Mass. 310, *Hersam* v. *Aetna Life Ins. Co.* 225 Mass. 425; and if there has been no change in the beneficiary, the qualified interest of the beneficiary ripens upon the death of the insured into an absolute right in the proceeds of the insurance. *Resnek* v. *Mutual Life Ins. Co.* 286 Mass. 305. *Goldman* v. *Moses,* 287 Mass. 393. *Henderson* v. *Adams,* 308 Mass. 333. *Wodell* v. *John Hancock Mutual Life Ins. Co.* 320 Mass. 1. There was evidence that the person who became the administrator of the estate, after the company had refused to pay him, delivered the policy to the beneficiary, who surrendered it to the company and after making proper proof of death was paid the proceeds. There was no evidence that the estate notified the company that it claimed these proceeds before they were paid to the beneficiary. The company for a consideration had promised the insured to pay the beneficiary whom he selected. The policy contained no restrictions or limitations on his choice. Apart from the rights of creditors a man during his life may give his property to whomever he desires. The representation that the beneficiary was the wife of the insured was not a warranty which, if untrue, would prevent her from collecting the proceeds. The designation of her as beneficiary was not expressed to be upon the condition that she was the wife of the insured. Whether the beneficiary was the legal or unlawful wife of the insured was not a material element of the contract of insurance, at least in so far as it concerned the liability of the company. If the company, for instance, learned during the lifetime of the insured that he was illicitly cohabiting with the beneficiary, it could not on that account secure a cancellation of the policy; and upon his death it could not properly refuse to pay the beneficiary if it then had appeared that she was unmarried and had lived with the insured as his wife. *Meinhardt* v. *Meinhardt,* 117 Md. 426. *Metropolitan Life Ins. Co.* v. *Gray,* 290 Mich. 219. *Sims* v. *Missouri State Life Ins. Co.* 223 Mo. App. 1150. *Metropolitan Life Ins. Co.* v. *Olsen,* 81 N. H. 143. *Ruoff* v. *John Hancock Mutual Life Ins. Co.* 86 App. Div. (N. Y.) 447. *Hendricks* v. *Prudential Ins. Co.* 149 Pa. Super. Ct. 350.

It is indisputable that the company has fully performed all its obligations under the policy and in accordance with its terms. It is contended that the payment to the beneficiary was contrary to public policy and that the plaintiff is entitled to the proceeds of the policy. It is true that the cohabitation of the insured and the beneficiary was a violation of the criminal law. The object, however, of the present proceedings is not to inflict punishment upon one who is not a party, or to take from the beneficiary money that the insured intended she should have. This is an action against the company and not the beneficiary. It would seem implicit from the decisions already cited, permitting recovery by one who was not the lawful wife of the insured but who lived with him, that he could designate her as the beneficiary, and there is direct authority that he could insure his life for her benefit. *Equitable Life Ins. Co.* v. *Cummings*, 4 Fed. (2d) 794. *Prudential Ins. Co.* v. *Fabiano*, 39 Fed. Sup. 386. *Slaughter* v. *Slaughter*, 186 Ala. 302. *Moore* v. *Hendley*, 97 Colo. 258. *Clements* v. *Terrell*, 167 Ga. 237. *Chrysler Corp.* v. *Hardwick*, 299 Mich. 696. *Guardian National Life Ins. Co.* v. *Eddens*, 144 Neb. 339. *Metropolitan Life Ins. Co.* v. *Olsen*, 81 N. H. 143. *Doney* v. *Equitable Life Assurance Society*, 97 N. J. L. 393. *Story* v. *Williamsburgh Masonic Mutual Benefit Association*, 95 N. Y. 474. *Bogart* v. *Thompson*, 24 Misc. (N. Y.) 581. *Schmidt* v. *Prudential Ins. Co.* 37 Ohio App. 258. *Overbeck* v. *Overbeck*, 155 Pa. 5. Indeed, in the absence of a statute, charter or by-law prohibiting recovery and where it was contended that it would be violative of public policy to permit a woman illegally cohabiting with the insured to recover, such a contention has generally been held to be untenable. *Prudential Ins. Co.* v. *Taylor*, 46 Fed. Sup. 115. *Moore* v. *Hendley*, 97 Colo. 258. *Quinton* v. *Millican*, 196 Ga. 175. *Yett's Administrator* v. *Yett*, 261 Ky. 737. *Walker* v. *General American Life Ins. Co.* 141 S. W. (2d) 785. *Metropolitan Life Ins. Co.* v. *Olsen*, 81 N. H. 143. *Moore* v. *Travelers Ins. Co.* 74 Ohio App. 420. *Mutual Benefit Life Ins. Co.* v. *Cummings*, 66 Ore. 272. *Hendricks* v. *Prudential Ins. Co.* 149 Pa. Super. Ct. 350.

In *Brogi* v. *Brogi*, 211 Mass. 512, which was an action by the estate of the insured against his putative wife to recover the proceeds of policies on his life in which she was named as beneficiary, we held that the fact that she was not his lawful wife in this Commonwealth, although her marriage to him in the State where it was performed was valid, did not deprive her of her rights in the proceeds. See *Pastene* v. *Bonini*, 166 Mass. 85; *Ogden* v. *McHugh*, 167 Mass. 276.

The case is distinguishable from *Slocum* v. *Metropolitan Life Ins. Co.* 245 Mass. 565, where the beneficiary was the sole wrongdoer and brought about the death of the insured, and from cases where the death of the insured was caused by his own illegal act, as in *Hatch* v. *Mutual Life Ins. Co.* 120 Mass. 550, *DeMello* v. *John Hancock Mutual Life Ins. Co.* 281 Mass. 190, and *Millen* v. *John Hancock Mutual Life Ins. Co.* 300 Mass. 83.

The first decision of the Appellate Division is reversed and its second decision after the new trial dismissing the second report is also reversed. Judgment is to be entered for the defendant in accordance with the finding made at the first trial.

*So ordered.*