### No. 17,903.

LIANE FORSTER, AS EXECUTRIX, ETC. *v.* THE FRANKLIN
LIFE INSURANCE COMPANY, ET AL.
(311 P. [2d] 700)

Decided May 27, 1957.

384

Mr. H. T. McGARRY, Mr. DONALD E. LA MORA, for plaintiff in error.

Messrs. AMAN & ENOCH, Mr. C. LEE GOODBAR, JR., Mr. HAMLIN SMITHDEAL, for defendant in error Nell S. Coxwell.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

THIS action was brought in the trial court by Liane Forster as executrix of the estate of Alexius M. Forster, deceased, to recover death benefits upon two life insurance policies in the sum of $25,000 each, issued by defendant insurance company on the life of said deceased. The executrix is the widow of deceased and we will refer to her as Liane. We will refer to the deceased as Alexius, to the defendant Nell S. Coxwell Trachta as Nell, and to the other defendants, who are the daughters of Alexius and Liane, as Josianne and Evelyn.

Liane as plaintiff alleged that Nell, who was named beneficiary in said policies, was not related to Alexius; that she had no insurable interest in his life; and had been named as beneficiary in said policies to secure certain premiums paid, and moneys, in the sum of $3,673.00, loaned by her to Alexius in his lifetime. Liane, as executrix of the estate of her deceased husband, sought to recover all proceeds of said policies in excess of the premiums paid and moneys loaned by Nell to deceased in his lifetime.

Defendant insurance company filed its answer in the nature of an interpleader in which it was alleged that there is due the beneficiaries, named in the policies described in the complaint filed by Liane, the total sum of $50,000.00 less unpaid premiums amounting to $582.67. The company stands ready to pay the proceeds of the policies to the parties who shall be adjudged entitled thereto and is not actively participating in the litigation. Defendants Josianne and Evelyn demand judgment in accordance with the prayer of their mother's complaint, although not actively participating in the contest which resolves itself into a determination of the claim asserted by Liane and contested by Nell.

The issues were tried to the court. At the conclusion of the evidence offered by Liane, counsel for Nell elected not to offer evidence and rested their case. The court entered findings and judgment in favor of Nell and the complaint was dismissed. Liane, seeking reversal of the judgment, brings the case to this court by writ of error.

Pertinent facts amply supported by the evidence are set forth in the trial court's findings as follows:

"1. That one Alexius M. Forster died in Colorado Springs, El Paso County, Colorado, on March 23, 1954, and that the Plaintiff, Liane Forster, is the duly appointed, qualified and acting Executrix of the Estate of Alexius M. Forster, Deceased, and, as such, was, by order of the County Court of El Paso County, Colorado, the court in which said estate is in the process of admin-

istration, authorized and empowered to institute and prosecute this action.

"2. That the sole and only surviving heirs at law of said deceased were and are:

Liane Forster — Widow — adult

Josianne Forster — Daughter — adult

Evelyn Forster — Daughter — adult

all of whom are now living.

"3. That the Defendant, The Franklin Life Insurance Company, was and is a corporation; that said Defendant has been and is now engaged in the general life insurance business in the State of Colorado.

"4. (a) That on or about March 13, 1929, the Defendant, The Franklin Life Insurance Company, issued its certain life insurance policy numbered 299231 (Plaintiff's Exhibit A) on the life of said deceased in the sum of $25,000.00 payable to said insured, if living, on March 13, 1966 or, upon proof of the prior death of said insured, to the beneficiaries named in said policy.

(b) That, by written instrument delivered to said Company, the insured revoked and changed any previous designation of beneficiary and method of settlement of said policy, and at the request of the insured, and by endorsement by the Company dated February 6, 1947, the proceeds of said policy, if it matures as a death claim, shall be paid to the principal beneficiaries therein named and in the respective amounts as follows:

(A)   To Nell S. Coxwell                          —29/50ths

(B)   To Elizabeth Forster                       — 8/50ths
      (Sister of Insured)

(C)   To Josianne Forster &
      Evelyn Forster (Daughters of
      Insured)                                          — 13/50ths.

and that said beneficiaries are to receive said respective shares in income payments as more fully set forth and provided for in said policy (Plaintiff's Exhibit A)."

Identical findings were made by the trial court with

reference to the second insurance policy. The court further found:

"6. That the insured was a physician and that the Defendant, Nell S. Coxwell Trachta, had been a patient and long time friend of said insured. That from September, 1937, to August, 1943, Plaintiff admits that the Defendant, Nell S. Coxwell Trachta, advanced the sum of $3,573.00 to or for the deceased and since said date advanced the further sum of $100.00 and that the amount of said advancements, together with interest, amounts to the approximate sum of $7,500.00.

"7. That in 1946 the insured had some fifteen or twenty conferences with Wilbur S. Marshall, an insurance agent and one experienced in life insurance with reference to a change of beneficiaries in said policies of insurance culminating in directions contained in the letter of December 16, 1946 (Plaintiff's Exhibit D) and the change in beneficiaries and manner of payment approved by the Company and endorsed on the said policies and dated February 6, 1947.

"8. That said change was made by the Insured after full consideration, consultation with and advice of a disinterested party cognizant with life insurance, and that the said letter, the endorsement of February 6, 1947, and method of payment show an intention on the part of the Insured to name Nell S. Coxwell as a beneficiary according to the import of said endorsement.

"That said Nell S. Coxwell was not named as beneficiary for the purpose of securing her in the payment of any indebtedness owed by the deceased."

The conclusions of law made and entered by the trial court were as follows:

"1. That an assured in a life insurance policy has the right to name anyone whomsoever as a beneficiary in his life insurance policy.

"2. That such named beneficiary has a right to take according to the express terms and conditions expressed in said policy unless it be established by competent

evidence that such beneficiary was named for the purpose of securing a loan or as trustee for a particular purpose.

"3. That the plaintiff has failed to prove by competent evidence that the deceased named Nell S. Coxwell as beneficiary for the purpose of securing a loan or as a trustee.

"4. That the Defendant, Nell S. Coxwell Trachta, is entitled to 29/50ths of the amount due on each of the policies of insurance in accordance with the terms thereof."

The points urged by counsel for Liane as grounds for reversal of the judgment are:

"1. The findings of the trial court as disclosed by paragraphs numbered 7 and 8 thereof are not based upon or supported by the evidence.

"2. Conclusions of Law Nos. 1, 2, 3 and 4 are erroneous in that

"(a) they are based upon findings of fact clearly appearing from the whole record to be wrong; and

"(b) the conclusions of law repudiate the rule that a creditor named as a beneficiary in a policy on the debtor's life is entitled out of the proceeds only to the amount of the actual debt and premiums paid, together with interest.

"3. The defendant admits in her pleadings that the relation of debtor and creditor existed between insured and defendant at the time defendant was made a beneficiary.

"4. This court is not bound by the Findings of Fact of the trial court since the controlling evidence consists of written documents."

Questions to be Determined.

First: *Is there competent evidence in the record in this case to support the trial court's findings as set forth in paragraphs 7 and 8 thereof?*

This question is answered in the affirmative. It is argued by counsel for Liane that two letters written

by Alexius require a finding that the sole purpose he had in naming Nell as a beneficiary in his policies was to secure the payment of his actual debt to her, and the interest thereon. The first of these letters was dated December 31, 1940, and was addressed to Nell. It reads as follows:

"This is to certify that in return for various sums advanced me for the payment of insurance premiums, from your savings, I have arranged that at my death, you will receive for life, a part of the income from my policies, in settlement of my indebtedness.

"I have arranged proper endorsements on my policies so that you will be provided with a life income commensurate with the premiums paid.

"At the time of your death, any residue is to be paid my children. It is understood that in case my financial situation should improve to the extent of permitting the settlement of these debts, I will have the privilege of paying you in full, with interest, without further obligation, in view of the arrangement I have made."

Shortly after this letter was written the policies disclose a change of beneficiary by which Nell was to receive a monthly income during her life until $5,000.00 under each policy had been paid to her.

The second letter, on which counsel for Liane rely, was addressed to Wilbur S. Marshall, and was dated December 16, 1946. The first paragraph thereof relates to provisions which Alexius had made for the security of his wife, Liane, and nothing therein has any relevancy to the issues involved in this case. The pertinent paragraph in this letter is as follows:

"For a number of years the Cragmor Sanatorium Company carried $50,000 insurance on my life with the Franklin Life Insurance Company. In 1932 it was decided to surrender this insurance for its cash value. One of my patients, Mrs. Nell S. Coxwell, offered to take $25,000 worth of the $50,000 on my life. She invested her savings with the understanding that she would take my note, to

be paid off when my financial condition permitted. Since she has helped pay the premiums throughout the years and since I have not been able to repay the principle, I have decided that she should receive a life income after my death and she has agreed to this. Consequently, as you have suggested, she will receive approximately $150.00 a month. The date of her birth is August 10, 1895."

Thereafter, on February 6, 1947, the insurance company at the request of Alexius made an extended endorsement on the policies, changing the beneficiaries thereunder. The designation of Nell as a beneficiary in each of the policies is in the following words:

"Twenty-nine-fiftieths of said proceeds shall be payable in accordance with the provisions of Option Two of the 'Income Provisions' specified in this Policy in equal monthly income payments for the fixed term of twenty years to Nell S. Coxwell, as Beneficiary, if she survives the Insured and is living when such payments from time to time become due, and if said Beneficiary shall survive said fixed term of twenty years the Company will continue to make such monthly income payments to her during her remaining lifetime.

"Any such monthly income payments for said fixed term of twenty years becoming due after receipt by the Company of due proof of the death of said Beneficiary shall be made in equal shares to Josianne Forster and Evelyn Forster (Daughters of the Insured) as Contingent Beneficiaries, or all to the survivor of them, if living when such payments from time to time become due."

This specific language when considered in the light of the testimony of Mr. Marshall is sufficient to support the facts found in paragraphs 7 and 8 of the findings entered by the trial court.

Second: *Did the trial court reach erroneous conclusions of law in refusing to apply the doctrine that "a creditor named as a beneficiary in a policy on the*

*debtor's life is entitled out of the proceeds only to the amount of the actual debt," together with interest?*

This question is answered in the negative. In the instant case Alexius took out the policies on his own life in 1929, eleven years before Nell was first mentioned as a beneficiary. There is nothing in the letter of December 16, 1946, which operates as a matter of law, to limit the interest of Nell as beneficiary to the amount of the debt which had accumulated over a period of twenty-two years.

The formal change in beneficiary, endorsed on the policies February 6, 1947, fixes no limitation on the right of Nell to participate in the proceeds of the policies to the full extent of the interest created by the endorsement. Had Alexius intended only to permit her to recover what she had advanced with interest thereon, he could, and certainly would, have used language appropriate to such limitation. It is doubtless true that where the sole purpose to be accomplished in the issuance of an insurance policy upon the life of a debtor is to secure the payment of a debt to the creditor, or where the same single purpose is accomplished by a change in beneficiary, the creditor's right to the proceeds of the policy on the death of the debtor extends no further than indemnity. Under such circumstances all proceeds from the policy beyond the debt owed the creditor plus interest and premiums paid by him, are payable to the legal representatives of the deceased debtor. *Bosma v. Evans,* 96 Colo. 504, 44 P. (2d) 511. In the case at bar the trial court made a specific finding that Nell "was not named as beneficiary for the purpose of securing her in the payment of any indebtedness owed by the deceased." Since this finding has sufficient support in the evidence, all the cases upon which counsel for Liane rely are readily distinguishable in that in each of them the findings were that the creditor became a beneficiary for the special purpose of securing a debt owed by the insured.

Third: *Did the trial court err in concluding as a*

*matter of law that "an assured in a life insurance policy has the right to name anyone whomsoever as a beneficiary in his life insurance policy"?*

█ This question is answered in the negative. A similar question was presented in *Moore v. Hendley,* 97 Colo. 258, 48 P. (2d) 808, where, with reference to the right of an insured to choose his beneficiary, it was said:

"The insured was not limited in her choice of beneficiary to any particular class or classes, as is often the case in fraternal insurance societies, but not in old-line companies such as the defendant in error Metropolitan company. It was hers to select whomever she desired to benefit, regardless of any supposed absence of an insurable interest on the part of the beneficiary. There is nothing in the pleadings or in the evidence to suggest any restriction of that choice. See 1 Cooley's Briefs on Insurance (2d Ed.), pages 336, 337; 2 Id., page 1298. On the moral aspect emphasized by counsel, as well as generally, see *Mutual Benefit Life Ins Co. v. Cummings,* 66 Ore. 272, 133 Pac. 1169."

The judgment is affirmed

MR. JUSTICE SUTTON did not participate.