NATIONAL CITY BANK, Plaintiff,

v.

STRONG BROS. ENTERPRISES, INC.,
Defendant-Appellant,

and

The Estate of Frank A. Strong,
Defendant-Appellee,

The World Insurance Company, Teton National Ins. Co., the Credit Life Ins. Co., Central States Health & Life Company of Omaha, Lincoln Benefit Life Company, Philadelphia Life Ins. Co., Life Investors Ins. Co., the Reliable Life Ins. Co., Old Republic Life Ins. Co., I T T Life Insurance Corp., Foremost Life Ins. Co., Bankers Union Life Ins. Co., American Standard Life & Accident Ins. Co., Great Commonwealth Life Ins. Co., Omaha Financial Life Ins. Co., and Industrial Life Ins. Co., Defendants.

No. 82CA0142.

Colorado Court of Appeals,
Div. III.

Aug. 26, 1982.

Sherman & Howard, Craig A. Christensen, Denver, for defendant-appellant.

Keller, Dunievitz & Johnson, Alex Stephen Keller, Denver, for defendant-appellee.

KIRSHBAUM, Judge.

Defendant, Strong Bros. Enterprises, Inc., (the Company) appeals the trial court's judgment awarding certain proceeds from several insurance policies held by National City Bank (the Bank) to defendant, the Estate of Frank A. Strong, Jr. (the Estate). We affirm.

This interpleader action was tried upon the following stipulated facts. On November 4, 1975, the Company became indebted to the Bank in the total amount of $446,-830.05. As a condition of the loan, the Bank obtained personal guarantees of the loan from Frank A. Strong, Jr., (decedent) and his brother, the two stockholders of the Company. The debt was also secured by certain equipment and real estate owned by

the Company, and the Bank became the primary beneficiary of several credit life insurance policies on the brothers' lives. The estate is the secondary beneficiary under the terms of those policies.

In December 1977, decedent's stock was redeemed by the Company, and in January 1978, the Bank released his personal guaranty of the 1975 loan. In July 1978, the Company and the Bank agreed that certain of the Company's equipment would be sold at auction. The Bank agreed to release its lien upon the equipment to the extent it received proceeds from the auction. The auction was held September 1, 1978. Decedent died on September 6, 1978.

On September 19, 1978, the Company paid the Bank sufficient funds from the proceeds of the auction to satisfy the remaining balance of the 1975 loan. The insurance companies later paid sums totalling $80,000 to the Bank as the primary beneficiary under the insurance policies. Claiming no interest in these funds, the Bank filed this interpleader action to determine whether the Estate or the Company was entitled to these funds.

The Company first contends that it became subrogated to the Bank's interest as primary beneficiary of the insurance policies upon payment of the corporate debt. We disagree.

The beneficiary provisions of the insurance contracts govern the rights to the proceeds thereof. *Bosma v. Evans,* 96 Colo. 504, 44 P.2d 511 (1957). Those provisions do not provide for subrogation of the primary beneficiary's right to receive insurance proceeds upon the payment of the Company's obligations to the Bank. At the time of decedent's death, the Bank was entitled to the proceeds of the policies as the named primary beneficiary thereunder. When the Company subsequently paid the debt, the Bank no longer had an insurable interest and properly indicated its disinterest in the proceeds of the policy. *See, e.g., Forster v. Franklin Life Insurance Co.,* 135 Colo. 383, 311 P.2d 700 (1957). The Company introduced no evidence at trial to indicate that the beneficiary provisions of the insurance

contracts did not control these circumstances. Hence, we conclude that the trial court correctly ruled that the Estate, as named secondary beneficiary, was entitled to the disputed sums.

We also disagree with the Company's additional contention that, because decedent was released from his debt to the Bank in January 1978, there were in effect no valid insurance policies at the time of his death. The policies were not cancelled, and remained as valid collateral for the Company's loan at all pertinent times.

Judgment affirmed.

PIERCE and KELLY, JJ., concur.